## A. J. Jamison v. E. A. Moseley.

1. Assault and Battery. *Evidence. Order of admission. Practice.*

While the defendant in an action for assault and battery, who claims justification has the burden of proof as to this, the plaintiff, after proof merely of admission as to the fact of the assault and his damages, cannot, by withholding all evidence as to the circumstances of the injury, force the defendant first to disclose the circumstances. He cannot thus gain an advantage by holding his evidence in reserve to rebut the defense rather than establish his own case.

2. Same. *Instruction. · Self-defense.*

In an action for assault by shooting, there was a verbal altercation between the parties, and plaintiff's evidence tended to show that defendant made a movement as if to draw a weapon, whereupon, he attempted to draw, and the defendant drew first, and shot him. Defendant's evidence tended to show that he had merely changed the position of his hand, not intending to draw a weapon, but, seeing plaintiff draw a pistol, he drew and fired simultaneously with, or just after, the plaintiff. *Held,* error to instruct that if the jury believed the "defendant used language to the plaintiff that was irritating, and thereupon the plaintiff retorted in like language, and then the defendant demanded to know to whom plaintiff referred, making a movement at the time as if to draw a pistol, apparently aggressive, and then plaintiff made an effort to defend himself, and thereupon was shot by the defendant, they will find for the plaintiff," etc. This, while justifying the plaintiff in acting on appearances, denied defendant the right to do so.

3. Same. *Self-defense. Anticipating attack.*

If, in such case, the parties used irritating language towards each other, and the defendant made a movement, apparently aggressive, as if to draw a pistol, though, in fact, not intending to do so or to assault the plaintiff, and plaintiff, misinterpreting this act, thought it necessary to defend himself, and drew his pistol, then the defendant was not precluded from acting on appearances and anticipating an attack, if in so doing he acted in necessary self-defense.

From the circuit court of Clay county.

Hon. C. H. Campbell, Judge.

Action by appellee, Mosley, against the appellant, Jamison, for the recovery of damages for an assault and battery by

shooting.    The suit originated in the first district of Chicka-
saw county, but, on application of the plaintiff, the venue
was changed to Clay county.    The case has been before this
court twice prior to the present appeal.    See *Moseley* v. *Jami-
son*, 66 Miss., 52; 67 *Ib.*, 336.

On the last trial, among other instructions, the court gave
the following: "The court charges the jury for the defend-
ant that, if they believe from the evidence that, on the day
of the difficulty between plaintiff and defendant, the defend-
ant went from his residence to the court-house to answer a
charge of assault and battery, and that, before he went, he
was informed that one Moore had threatened to attack
the defendant with a stick and do him some great bodily
harm, and that, for the purpose of defending himself from
said attack, the defendant armed himself with a pistol, and
that he went into the mayor's court and plead guilty, or in
justification, of the charge of assault and battery, and then
unexpectedly had an altercation with the plaintiff, in which
defendant referred to plaintiff's client as a strumpet, and that
the plaintiff said she was as good as the "opposite party," to
which defendant replied, "To whom do you refer?" and plaint-
iff responded, "I mean you," and then drew from his pocket
a pistol, in a manner that would indicate to a reasonable man
that he intended to shoot the defendant, and that then the
defendant drew his pistol and shot plaintiff, and that there
were then several shots fired by both plaintiff and defendant
in mutual combat, the jury will find for the defendant.    And if
the jury believe that plaintiff drew his pistol before the de-
fendant drew his, or attempted to draw it, it is immaterial
whether plaintiff or defendant fired first."

Verdict and judgment in favor of plaintiff for $5,000.    Mo-
tion for new trial overruled, and defendant appeals.    The opin-
ion contains a further statement of the case.

*Fox & Roane*, for appellant.

The judgment must be reversed because of the serious
error in granting the tenth and thirteenth instructions for

plaintiff. The tenth instruction would be a proper charge for the defendant if Moseley were on trial for assaulting Jamison. He might have been acquitted of such a charge if the jury believed the act of Jamison was apparently aggressive to a reasonable man, whether it was really so or not. The question here is, whether, before Moseley drew his pistol or attempted to do so, Jamison really made a movement *actually* aggressive, and whether he made a movement actually to draw a pistol. But the jury was told, in effect, that, although it may have believed that Jamison was perfectly innocent of any intention to shoot Moseley before the latter drew his pistol, and, although it might believe that Jamison acted strictly in self-defense, yet, if it believed that when Jamison changed the position of his hand it appeared to Mosley as if he was going to draw a pistol, or, if it was believed that, to Mosley, Jamison's action was apparently aggressive, whether it was really so or not, the verdict should be for plaintiff.

The thirteenth instruction is equally erroneous. By it the jury was told, that if the defendant's evidence leaves the matter in doubt as to whether he was justified or not, then the verdict must be for plaintiff. The error is so apparent that it is useless to argue it. There might be not only a *doubt,* but a *reasonable* doubt, as to whether defendant was justified, and yet, if the preponderance of the evidence was in his favor, he was entitled to a verdict. Again, the jury was told, that if the evidence introduced by the defendant left the matter in doubt, the verdict should be for plaintiff. This prohibited the jury from considering any part of plaintiff's evidence that was favorable to defendant, and much of it was favorable.

*Beall & Pope,* for appellee.

The only questions arising on plaintiff's instructions discussed in the court below were as to those numbered four and thirteen. It was insisted that the defendant was not re-

quired to prove a "full legal justification for shooting plaintiff." We submit that any thing short 'of a legal justification would not avail, and it must also be a full justification. The defendant might reduce the damages by proof of mitigating circumstances, but, relying upon justification to avoid a verdict entirely, it was incumbent upon him to prove a full legal justification.

The thirteenth instruction announces a familiar rule, and is correct. If the defendant admitted the shooting, it devolved on him to satisfy the jury that he acted in *necessary* self-defense. It is not sufficient, in such case, to prove a doubtful justification. The law requires one holding the affirmative of any issue to do more than simply raise a doubt in the minds of the jury.

The case was properly submitted to the jury, and was fairly and fully tried. It is to be presumed that the jury construed all the instructions together. Taking them as a whole, it is manifest no injury was done the defendant.

*W. T. Houston,* on the same side.

The court did not err in granting plaintiff's tenth instruction. *Watrous* v. *Stell,* 4 Vt., 631. If the defendant was the aggressor, and by his wrongful conduct induced the plaintiff to act, and then for that act shot him, he is liable for the consequences.

The court did not err in giving the thirteenth instruction for plaintiff. Taken as a whole, this charge told the jury that if appellant's justification was proven to its satisfaction, it should find for him; otherwise, if it failed to do so, or left this in doubt. All charges are to be construed together. This instruction, especially when taken in connection with those given for the defendant, could only be understood as emphasizing the statement that the jury must be satisfied of appellant's justification from the evidence—not beyond a doubt, but that it must be satisfied. The rule of law on this subject goes further than the necessities of our case. It re-

quires of him who has judged for himself as to the propriety of attempting to take life with a deadly weapon, that he should be prepared to make *clear* his justification. This is not out of tenderness for the plaintiff, but from considerations of public policy and as a restraint to hasty and ill-tempered persons. The rule has been relaxed in criminal cases, but not in civil actions for tort.

Conceding that the charge was too strong, considered in the abstract, yet it was error without injury. The instructions are to be considered together. A correct result was reached.

Here counsel discussed the facts, but, in view of the opinion, the argument as to this is omitted.

Argued orally by *A. F. Fox*, for appellant, and *W. T. Houston*, for appellee.

COOPER, J., delivered the opinion of the court.

This is an action by appellee to recover damages from appellant for an assault and battery by shooting. The plaintiff proved by a witness (Mrs. Smith) that defendant, on the day of the shooting, stated to her that he had shot the plaintiff. He then proved by his physician the character of the wound received, the length of time plaintiff was confined to his bed, and the probable future result of the wound. Other witnesses were then introduced to prove the extent of damages inflicted, and the plaintiff then rested. The defendant then introduced certain eye-witnesses of the difficulty, whose testimony tended to show that the plaintiff was the aggressor in the difficulty, and that the defendant justifiably shot him. The plaintiff then introduced other witnesses, whose testimony tended to prove that the defendant provoked the difficulty, and that the plaintiff, having reasonable ground to apprehend an attack, prepared to defend himself, and was thereupon fired upon and wounded by the defendant. While the evidence introduced by the respective parties was generally

favorable to the party by whom offered, some parts of the defendant's evidence was, in some respects, favorable to the plaintiff, and some parts of that for the plaintiff tended to support the defendant's defense of justification. It is sufficient to say that the evidence upon the developed case was conflicting, and that a verdict for either party, upon proper instructions, would be sustained.

The court gave many instructions, both for the plaintiff and the defendant. Among those given for the plaintiff, the fourth, tenth and thirteenth are assigned for error. They are as follows:

"4. The court instructs the jury, for the plaintiff, that, as the defendant has admitted that he shot Moseley, the burden of proof is on the defendant, and unless the defendant has proven by a preponderance of evidence, so as to satisfy the jury, a full legal justification for the shooting of Moseley, the jury will find for the plaintiff."

"10. The court charges the jury that if they believe from the evidence that, while the plaintiff was in the discharge of his duties as an attorney, the defendant used language to the plaintiff that was irritating, and thereupon the plaintiff retorted in like language, and then the defendant demanded to know to whom plaintiff referred, making a movement at the time as if to draw a pistol, apparently aggressive, and then plaintiff made an effort to defend himself, and thereupon was shot and wounded by the defendant, they will find for the plaintiff, and will give him such damages," etc.

"13. The court instructs the jury, for the plaintiff, that if they believe from the evidence that the plaintiff has shown that he was shot and wounded by the defendant, as alleged in plaintiff's declaration, and that the plaintiff's evidence showing such assault and battery failed to show any excuse, justification or mitigation of such assault and battery, and that plaintiff further showed in evidence that he suffered actual damages in loss of time and money expended, amounting to $259, and other actual damages, consisting of mental and

physical suffering, then the jury will find for the plaintiff the amount of such actual damages, so shown in evidence, including what they may deem adequate compensation for mental and physical suffering, unless they believe from the evidence that the defendant is proven, by a preponderance of the evidence, to their satisfaction, to have been justified in so shooting and wounding plaintiff; and if said evidence, so introduced after plaintiff had established his right to recover, leaves the matter in doubt as to whether the defendant was justified or not, then the jury must, under their oaths, find for plaintiff," etc.

It is proper to state, before considering these instructions, that by our statute (Code 1880, § 1549) the defendant, in an action for assault and battery, under the plea of "not guilty," may give in evidence mitigating circumstance to reduce the damages, notwithstanding he may also have pleaded a justification. The rule announced by the fourth and thirteenth instructions for the plaintiff, which is, in effect, that a defendant in an action for assault and battery, who seeks to justify the battery, has the burden of proof upon that issue, is correct; but, as stated in these instructions, and under the peculiar development of the case by the plaintiff, it should not have been given to the jury, or, if given, the jury should have been advised of the circumstances of its application. A plaintiff may not invoke the principle as an aid to him in making out his case, and more especially may he not, by withholding his evidence which should be put in in chief, and developing it as rebutting the defendant's case, gain an advantage by indirection to which he would not be entitled if he had proceeded in the ordinary method of disclosing his case.

There were many witnesses of the difficulty, several of whom were in attendance at the trial in the plaintiff's behalf. Instead of disclosing the circumstances of the rencounter by the testimony of his witnesses, the plaintiff resorted to proof of an admission made by the defendant to one who was not

present, that he had shot the plaintiff, and, having then proved
his damages, rested his case, thus forcing the defendant to
first disclose the circumstances of the shooting, and holding
his own evidence in reserve, to be used to rebut the defense,
rather than to establish his own case.   The manifest purpose
of this course of procedure was to wrench the rule of law, that
one who relies upon an affirmative defense must establish
it, to the prejudice of the defendant, and to gain an undue
advantage by refusing to fully develop his own case.   In the
administration of justice, there are many arbitrary and ab-
stract rules and principles which experience has shown to be
essential.   But the end and purpose of all of them is, that
justice, in the concrete case, shall be reached, and it is not
permissible to evade or misapply them.   The burden of proof
on the whole case was upon the plaintiff, and if, in making
out the whole case, the plaintiff's evidence showed, or tended
to show, that the shooting by the defendant was lawful under
the circumstances, the defendant was entitled to the benefit
of such evidence.   The presumption of law is, that a battery
is malicious or unlawful; but, when the facts are fully dis-
closed, there is no longer room for presumption, and if, on all
the facts, the jury is unable to say that the battery was un-
lawful, the plaintiff must fail of recovery.

The tenth instruction is erroneous, for the reason that it
permits a recovery by the plaintiff if he misinterpreted the
purpose of the defendant in "making a movement at the
time as if to draw a pistol, apparently aggressive," and there-
upon made an effort to defend himself (by drawing his own
pistol), and was then shot by the defendant.

The defendant contended, and introduced evidence to show,
that the movement to which this instruction refers was the
innocent one of taking his hand from the top of his cane,
and placing it upon his lap (he then being seated) without
any intention to draw a weapon or to assault the plaintiff,
who immediately began to draw his pistol, whereupon, he,

the defendant, drew his own, and fired simultaneously with, or a little after the plaintiff.

Under the instruction as given, the plaintiff was justified in acting upon appearances, while the defendant was denied the right to act upon the facts as he contends they existed. If the parties used irritating language towards each other, and the defendant made " a movement at the time as if to draw a pistol, apparently aggressive," but in fact was not intending either to draw a weapon or to assault the plaintiff, and the plaintiff, misinterpreting the defendant's act, thought it necessary to defend himself by shooting the defendant, we are not aware of any principle of law under which the defendant was precluded from anticipating the imminent and impending attack, so long as, in so doing, he acted only in necessary self-defense. Under the tenth instruction, this right was distinctly denied him.

*Reversed and remanded.*