Syllabus.

| 80 | 53 |
| 87 | 355 |
| 87 | 358 |

| 80 | 53 |
| e89 | 848 |

DANIEL R. WAGNER *v.* CARLOTTA H. GIBBS, ADMINISTRATRIX.

1. DAMAGES. *Punitive. Civil action for acts constituting crime.*

   Punishment for a wrong as a crime does not exempt the perpetrator
   from liability for punitive damages therefor in a civil action.

2. ASSAULT AND BATTERY. *Civil action. Record of conviction. Plea of
   guilty. Evidence.*

   In the trial of a civil action for an assault and battery, the record of
   a criminal prosecution showing defendant's conviction thereof on
   a plea of guilty is admissible, but not conclusive evidence of
   plaintiff's right to recover.

3. SAME. *Exemplary damages.*

   The record of a criminal case showing the conviction of the defend-
   ant for an assault and battery upon the plaintiff, predicated of a
   plea of guilty to a charge of having " willfully, maliciously and
   unlawfully " committed the crime, is, in the absence of all explan-
   atory evidence, sufficient to justify a jury in awarding plaintiff
   exemplary damages in a civil suit for the same assault and
   battery.

4, SAME. *Suit by administrator. Code 1892, §§ 1916, 1917.*

   The administrator of a decedent may in a proper case recover ex-
   emplary damages of the defendant in a civil action for assaulting
   and beating his intestate. The cause of action survives to the ad-
   ministrator, under code 1892, § 1916, and the right to exemplary
   damages is not withheld, as is the case under code 1892, § 1917,
   providing that exemplary damages cannot be recovered from the
   administrator of a deceased wrongdoer.

5. SAME. *Damages, when not excessive.*

   Where exemplary damages are allowable, a verdict for $2,000 is not
   excessive against a defendant worth $200,000 for assaulting and
   beating a minister of the gospel.

FROM the circuit court of, second district, Yalobusha county.
HON. PERRIN H. LOWREY, Judge.

Mrs. Gibbs, administratrix, appellee, was the plaintiff in the court below; Wagner, appellant, was defendant there. The plaintiff recovered in her civil action for an assault and battery, committed by defendant on her intestate, a judgment for $2,000, from which defendant appealed to the supreme court. The evidence showed defendant to be worth about $200,000. The facts are otherwise sufficiently stated in the opinion of the court.

*James Stone, I. T. Blount* and *Earl Brewer,* for appellant.

Punitive or exemplary damages can never be recovered in a case where the wrong complained of is an indictable offense. It is true that this court has in several instances held punitive damages recoverable in assault and battery cases; but a careful examination of the cases will show that the exact point was not raised in them, except perhaps in the case of *Bell* v. *Morrison,* 27 Miss., 68. The first case on the subject is that of *State* v. *Blennerhassetts,* Walker, 7. In that case the defense was made that a public prosecution could not be maintained because the prosecutor was also carrying on a civil action for damages, and it was contended that the civil action should be dispensed with before the injured party was entitled to prosecute criminally. The court held that both proceedings might be carried on at the same time, basing its decision on the ground that criminal prosecution is to the interest of the public, and its purpose is to give force to the law by showing the public that it cannot be violated with impunity; to reclaim the offender if possible by the salutary restraint of punishment, and to secure and protect all citizens in their enjoyment of rights by deterring the wicked through fear of punishment from the perpetration of similar offenses. The court added: "Nor can we refuse the injured individual the remedy for the damages which he has sustained." This case is in no sense an authority against our contention. It really seems to be in our favor, for it supports the idea for which we contend that pun-

ishment is provided for by the state, and is to be imposed by it, and that compensation, not punishment, is for the wrong and injury done to the individual.   The next case, *Bell* v. *Morrison,* 27 Miss., 68, is one in which a majority of the court held that exemplary damages were recoverable in a civil action for assault and battery, but the question we present seems not to have been called to the attention of the court, and the decision, claimed to be adverse to us, is merely incidentally so, if it be adverse at all.   The next case is *Eltringham* v. *Earhart,* 67 Miss., 488, and this case turned almost wholly on the question whether evidence of the pecuniary condition of the plaintiff was admissible, and this was certainly correct, because his sufferings from the assault and battery were increased  because of the kicks and  bruises  administered  to him by the defendant.   The only other case decided by this court claimed to be adverse to us is *Lochte* v. *Mitchell,* 28 So. Rep., 877, but it is impossible to ascertain from the report of this case whether the question now before the court was made.   In *Wheatley* v. *Thorn,* 23 Miss., 62, this court held that a criminal action for assault and battery, and a civil action therefor, are entirely distinct and separate, using this language: "The office of prosecution is to satisfy public justice, while that of a civil action is to compensate the injured party."   Many of the authorities cited against us are, when examined, not in point. This is practically true of those cited. 2 Am. & Eng. Enc. Law (2d ed.), 989.   In support of our contention we cite the following authorities: *Huber* v. *Teuber,* 36 Am. Rep., 110; *Fay* v. *Parker,* 16 Am. Rep., 270; *Boyer* v. *Barr,* 30 Am. Rep., 814; *Cherry* v. *McCall,* 23 Ga., 193; *Albretch* v. *Walker,* 73 Ill., 69; *Austin* v. *Wilson,* 50 Am. Dec., 766; *Stuyvesant* v. *Wilcox,* 31 Am. St. Rep., 580; and Greenleaf on Evidence, sec. 252; Ib., 266; Ib., 267.

The record of the conviction of Wagner for the assault and battery on Gibbs was not sufficient to entitle the plaintiff to recover, and there is no other testimony showing that plaintiff

had committed the same. *Jamerson* v. *Moseley,* 69 Miss., 478: The record of the conviction could only prove that Wagner was convicted. It did not prove anything else.

The death of Gibbs put an end to the right to recover exemplary damages, if it ever existed. The verdict in this case is grossly excessive. The testimony as to the condition of Gibbs after the altercation with Wagner shows that he was very slightly hurt, if hurt at all.

*McWillie & Thompson,* on same side.

We confine our observations to a single point. Whether punitive damages are legally recoverable in any civil action is questioned by the highest authority, 2 Greenleaf on Evi., p. 235 *et seq.;* but whatever may be thought on that subject, the best reasoned cases deny a recovery where the tort is one for which the offender may be prosecuted criminally. The states whose supreme courts have passed on this question are divided, but it seems to be confessed that the weight of argument is in favor of the decisions denying a recovery; those to the contrary, finding no substantial foundation in sound legal principles, rest upon precedents growing out of confused ideas of the law and judicial misuse of its terms.

The opinion of Judge Helm in the case of *Murphy* v. *Hobbs* (Colo.), 49 Am. Rep., 366, contains an argument in support of our position, which in our judgment is unanswerable, and we adopt the same as a part of this brief. As he shows, the supreme courts of New Hampshire, Massachusetts, Indiana, Iowa, Nebraska, Michigan, and Georgia have rejected the doctrine that punitive damages are recoverable in such cases, and that in Wisconsin, while the doctrine was adhered to, the court did so because it was "inherited," expressing at the time the view that it was "a sin against sound judicial principle." To the above list of states repudiating the doctrine might have been added Colorado and the District of Columbia. See, *Murphy* v. *Hobbs* (Colo.), *supra; Taber* v. *Hutson* (Ind.),

61 Am. Dec., 96; *Wabash Printing Co.* v. *Crumrine,* 123 Ind., 89; *Austin* v. *Wilson* (Mass.), 4 Cush., 273; *Fay* v. *Parker,* 16 Am. Rep., 270, s.c., 53 N. H., 342; *Boyer* v. *Barr,* 8 Neb., 68, s.c., 30 Am. Rep., 814; *Huber* v. *Teuber,* 3 McArthurs, 484, s.c., 36 Am. Rep., 110; *Brown* v. *Swineford,* 44 Wis., 282.

*Shands, Somerville & Shands, J. G. McGowen* and *Hamner & West,* for appellee.

The proposition most strenuously urged is that punitory damages should not be awarded in an action for civil redress where the conduct of the defendant constitutes an indictable offense under the criminal law, and especially where, as in the case at bar, the penalty for the crime had been imposed. It was insisted that to permit the recovery of exemplary damages in such a case would be to justify a second punishment for the one offense.

In *Wheatley* v. *Thorn,* 23 Miss., 62, where the defendant offered to prove that he had been indicted and fined for the conduct complained of, Mr. Justice Clayton, speaking for the court, said: "An indictment is intended to satisfy public justice, and does not impair or effect the rights of the injured party to compensation for the wrong inflicted upon him."

In *Eltringham* v. *Earhart,* 67 Miss., 488, the court uses this language: "In actions of this kind, where insult and mortification bear so large a proportion to the injury inflicted, juries are not restrained to actual pecuniary damages."

In the case last cited, this court approves an instruction to the effect that evidence of conviction in a criminal proceeding growing out of the facts there involved did not preclude the suit for damages. The recent case of *Lochte* v. *Mitchell,* 28 So. Rep., 877, sets the question at rest by approving an instruction authorizing the jury to assess punitory damages if they found that the defendant had "willfully, wantonly and without provocation" assaulted and beaten the plaintiff.

To allow such damages where the conduct is indictable, is

·to leave the defendant exposed to the penalty of the criminal code. The principle is the same. The authority last cited must control the case at bar. The policy of the courts of Mississippi is attested by numerous cases involving torts of various types. The distinction contended for is not recognized, but denied. The higher courts are not ready to admit that a nominal fine imposed by a justice of the peace is a bar to exemplary damages in a suit for civil redress.

The question is not an open one in this state, and the holding of our courts is in line with the great weight of authority in America. We refer to the following cases and text-books: *Headley* v. *Watson*, 45 Vt., 289; 12 Am. Rep., 197; *Cook* v. *Ellis*, 6 Hill, 757; *Merrills* v. *Tariff M'f'g Co.*, 27 Am. Dec., note on page 687, and cases there collated; 2 Sedgwick on the Measure of Damages (7th ed.), and 12 Am. & Eng. Enc. Law (2d ed.), 8.

In support of the admission of evidence of the appellant's financial condition, we cite the following familiar authorities: *Bell* v. *Morrison*, 27 Miss., 68; *Railroad Co.* v. *Hurst*, 36 Miss., 660; *Eltringham* v. *Earhart*, 67 Miss., 488; 1 Jones Law of Evidence, sec. 160.

The effort to limit the transcript of defendant's conviction to proof of the assault and battery, shorn of the features of malice and willfulness, embraced in the transcript is without foundation.

"A record of conviction in a criminal case upon a plea of guilty is admissible in a civil. action involving the same subject matter, not as a conclusive judgment against the party, but as an admission or confession of the facts." It is *prima facie* evidence. *Albrecht* v. *State*, 62 Miss., 516.

What constitutes the record of conviction? Not simply the judgment. The law requires an affidavit. A judgment without it would be void. The language of the affidavit is not the language of counsel. It is the language of the law by way of

defining the crime. There was no effort or offer on the part of defendant to explain or modify the effect of the record. *Eltringham* v. *Earhart,* 67 Miss., 488.

Grant, for the sake of argument, that the record only established a case of assault and battery, it is a mistake to claim that such a case would only justify compensatory damages.

Trespass to the person is a breach of absolute duty. It involves the elements of willfulness, malice and unlawfulness. It is presumed that it was unjustifiable and unprovoked. Matters of extenuation and justification must be proven by the defendant. The burden is upon him to deprive the case of such features. The presumption of law is that a battery is malicious or unlawful. *Jamison* v. *Moseley,* 69 Miss., 479.

The discretion of the jury is a wide one. Judgments which are large in comparison with the one at bar have been permitted to stand.

In no other class of cases does the amount of damages rest necessarily so largely in the discretion of the jury as in those involving a recovery for the infliction of personal injuries, and the courts are very loathe to interfere with verdicts in such cases in the absence of plain evidence that the jury have abused the discretion vested in them. *New Orleans, etc., R. R. Co.* v. *Hurst,* 36 Miss., 660; 8 Am. & Eng. Enc. Law., 631, and cases cited.

*A. J. McLaurin,* on same side.

A civil suit and an indictment for a criminal offense can be maintained for the same assault and battery. *State* v. *Blennerhassetts,* 1 Miss. (Walker), 7; *Bell* v. *Morrison,* 27 Miss., 85; *Eltringham* v. *Earhart,* 67 Miss., 488.

Where willfulness or malice characterizes the wrongful act complained of, punitive damages may be awarded. *Storm* v. *Green,* 51 Miss., 109. The conjunction is a disjunctive one; where malice, or willfulness, or fraud, or oppression—any

one of them—exists, it justifies the assessment of punitive damages. Therefore, if malice exists, it justifies punitive damages. Malice, in law, is not used in the sense of hatred or ill-will. Bishop on Criminal Law, sec. 72. Bishop says, "Malice, in legal phrase, is never understood to denote general malevolence, or unkindness of heart, or enmity toward any particular individual; but it signifies rather the intention from which flows any unlawful and injurious act, committed without legal justification." 1 Bishop on Criminal Law, sec. 429; *Smith* v. *State,* 39 Miss., 521.

Wherever there is an assault and battery, there is malice in contemplation of the law, because there is "an unlawful and injurious act, committed without legal justification."

In the case in 67 Miss.—*Eltringham* v. *Earhart*—the conviction of Eltringham before a justice of the peace was introduced in evidence over the objection of the defendant, and was sustained by the supreme court.

It is decided in the same case that the jury has a right to take into consideration, in estimating damages, the pecuniary condition of both the plaintiff and the defendant.

In *Storm* v. *Green,* 51 Miss., 109, the court took into consideration the fact that the plaintiff was a "minister of the gospel."

As to the amount of damages the supreme court, in the case of *Railroad Co.* v. *Hurst,* 36 Miss., 667, said, "Judges, therefore, should be very careful how they overthrow verdicts, given by twelve men, on their oaths, on the ground of excessive damages."

The case of *Bell* v. *Morrison, supra,* has been approvingly cited by the supreme court in *Heirn* v. *McCaughan,* 32 Miss., 49; *Presly* v. *Donaldson,* 33 Miss., 92; *New Orleans, etc., R. R. Co.* v. *Hurst,* 36 Miss., 667; *Storm* v. *Green,* 51 Miss., 108.

"A battery is any unlawful beating, or other wrongful physical violence or constraint, inflicted on a human being without his consent." 1 Bishop on Criminal Law, sec. 548.

Argued orally by *James Stone* and *Earl Brewer,* for appellant, and by *W. M. Hamner* and *T. H. Somerville,* for appellee.

MAYES,* Special J., delivered the opinion of the court.

The appellant assigns for error the giving of the first instruction for plaintiff, which, in brief, informed the jury that they might, if they saw proper, award punitory damages. The first point made is that punitory damages cannot be allowed in civil cases for assault and battery, because the gravamen of the suit is what is also a criminal offense, and that the criminal punishment exhausts the liability to punishment as such. Several cases are cited in support of this proposition, but we prefer the other view. This court has previously held punitory damages to be recoverable in such suits. We do not, however, adhere to that view because of the doctrine of *stare decisis,* but because we see no good reason for departing from it, and it is in accord with the great weight of authority. It is so held in Arkansas, California, Delaware, Florida, Illinois, Iowa, Kentucky, Louisiana, Maine, Michigan, Minnesota, Missouri, New York, New Hampshire, North Carolina, Ohio, Pennsylvania, South Carolina, Texas, Vermont, Virginia, West Virginia, and Wisconsin.

It is also urged by the appellant that there is no evidence in this case to justify the infliction of punitory damages. It does appear that, after the assault was committed, appellant appeared before a magistrate and pleaded guilty to the offense, under an affidavit which charged that the assault and battery were committed "willfully, maliciously, and unlawfully." Appellant contends, however, that the conviction is only evidence of the conviction itself, and not of the substantive offense charged. The authorities cited by his counsel, and the reasoning in support of their contention, do not apply where the party has pleaded "guilty." Such plea is an admission by him

---

* Judge Calhoon having been counseled with in the case before his appointment to the bench, recused himself, and took no part in the decision. Edward Mayes, Esq., was by agreement of parties selected to act as special judge.

of a solemn character. Because of the want of mutuality, he is not estopped thereby, but it is competent evidence against him. It may not be evidence of each fact alleged in the indictment or affidavit—mere allegations of surplusage—but it is evidence of each and every element needed to constitute the offense admitted as a crime. In assault and battery it admits the malice, because malice is implied by law in such case. *Albrecht* v. *State,* 62 Miss., 516; *Jamison* v. *Moseley,* 69 Miss., 478, 485 (10 So., 582). He may, because he is not estopped, defend by showing circumstances of excuse or justification, but in the case at bar no such effort was made. The case went to the jury on an assault and battery confessed, and no circumstances of excuse were even claimed to exist; and we hold that, in such state of the action, it was competent for the jury to award punitory damages. Nor does this holding conflict with *Jamison* v. *Moseley,* 69 Miss., 478 (10 So., 582), as claimed by counsel. In that case the plaintiff made out a *prima facie* case by proving an admission of the offense; then closed, relying on the presumption of malice; and, after the defendant had undertaken to make out his justification, plaintiff introduced, under a claim of rebuttal, the eye witness to the conflict, whom he should have introduced in chief. There was full proof of all the incidents of the conflict. Under the special tactics pursued at the trial, and because all the facts of the shooting were "fully disclosed," this court held that there was no room for any presumption. The case at bar does not occupy that attitude. There was no evidence from either side as to the circumstances of the battery, and the person assaulted was dead.

It is claimed further that the death of the party assailed terminates the right to recover punitory damages from the assailant. We do not accede to that view. It is true that § 1917 of the code (1892) provides that, where a trespasser shall have died, punitory damages may not be recovered from his estate; and in *Hewlett* v. *George,* 68 Miss., 703 (9 So., 885; 13 L. R. A., 682), this statute was applied; the court saying that pun-

ishment did not follow him into the grave. But neither that statute nor that decision has any application here. In this case § 1916, code 1892, controls. That section authorizes the personal representatives to commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted. It has relation to the right of a deceased plaintiff. The very fact that in § 1917 the legislature prohibited a recovery of punitory damages from the estate of a deceased trespasser, and no such provision appears in § 1916 as to the case of a deceased plaintiff, shows that the legislature intended a difference; the subject-matter being clearly before the legislative mind. Moreover, the reason for the difference is perfectly manifest. Punitory damages are inflicted for the purpose of deterring a culprit in the future, and the imposition of them for such purpose is impossible in the case of a person deceased. But where the trespasser is still alive, as in the case at bar, there is no reason whatever why he should be exonerated because of the death of the one upon whom he has committed a trespass; for the punishment is imposed not to deter him from repeating his trespass as against the particular party assailed or injured, but to secure his general good behavior. We have held above that this case is a proper one for the imposition of punitory damages. We are not prepared to say that, considering the evidence adduced in regard to the financial condition of the defendant, and the fact that his assault, unexcused, was committed upon a minister of the gospel, the amount awarded was excessive.

*Let the judgment be affirmed.*