BAILEY *v.* STATE.

(Division A.   Oct. 5, 1936.)

[169 So. 765.   No. 32337.]

J. W. P. **Boggan**, of Tupelo, for appellant.

**Webb M. Mize**, Assistant Attorney General, for the state.

**McGowen, J.,** delivered the opinion of the court.

I. G. Bailey and Clyde Turner were jointly indicted for manslaughter. A severance was granted, and I. G.

Bailey, the appellant, was tried, convicted, and sentenced to serve a term in the state penitentiary. From said judgment and sentence appellant prosecutes an appeal.

As we have found it necessary to reverse and remand this cause for another trial, we shall not detail the facts at length.

The indictment was drawn, and the prosecution had, under section 1002, Code 1930, commonly called the "culpable negligence manslaughter statute."

The evidence for the state, which may have been believed by the jury, tended to prove that, about nine o'clock at night, Richard Orr, the deceased, was seriously injured in a collision between an automobile driven by him, going west on Jackson street in the city of Tupelo, and a motortruck driven by the appellant, going east on the same street. The deceased was at the wheel of his car and was accompanied by Edward Orr, his brother, and Bill McCullar, all on the same seat, his brother being in the middle and McCullar on the end. Jackson street was the outlet for two highways, one leading to Pontotoc, and the other to Memphis, Tenn.

The evidence of the witnesses for the state warranted the jury in believing that Bailey was driving a heavily loaded truck, without lights, going east in the city of Tupelo, at the rate of thirty-five or forty miles per hour downhill, and driving the truck far to his left of the center of the road, striking the automobile of the deceased at the windshield, in front of the driver, with the bed of the motortruck, and stripping the automobile on the left side, inflicting injuries which resulted in the death of Richard Orr. The collision occurred near posts on the north side of the road west of the bridge. The bridge was twenty feet long with sixteen feet clear space for driving. Witnesses testified that the automobile driven by Orr was twenty feet from the bridge, and that the truck turned over on the north side of the bridge at the east end, after having demolished about half of the railing of the north side of the bridge, which was

to the left of the center of the road, so far as the driver of the truck was concerned. It was in evidence that Bailey stated that he was driving the motortruck on the night of the accident.

The testimony offered in behalf of the appellant tended to prove, if believed by the jury, that he was driving at the rate of from ten to fifteen miles an hour on his right-hand side of the road, with adequate lights on his truck, and that the automobile driven by Orr, the deceased, struck the side of the truck, that the front left wheel was knocked off, and therefore he lost control of the car, which veered to the north on his left side of the road. There was contradiction as to where the automobile was struck, and as to where it was standing after the collision—in fact, practically all the material evidence in the case was in conflict. Turner, who was riding with the appellant, testified that he, not Bailey, was driving the car at the time of the collision, in which testimony he was corroborated by the appellant; and the evidence for the appellant tended further to show that Orr, the deceased, was driving thirty or thirty-five miles an hour.

The court gave the following instruction:

"The court charges the jury for the state that the motor vehicle law of the state of Mississippi provides that no person shall operate a motor vehicle upon a street or public highway, avenue or alley of any city, town or village in this state at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highway, or so as to endanger the life and limb of any person or the safety of any property, or in any event on any public highway where the territory contiguous thereto is closely built up, at a greater rate of speed than twenty miles per hour, or elsewhere in any incorporated city, town or village at a greater rate of speed than twenty miles per hour:

"And if you believe from the evidence in this case beyond a reasonable doubt that at the time of the col-

lision in which Richard Orr was seriously and fatally injured and from which injury he died the next day after the injury, that the defendant was operating a truck upon a public street of the city of Tupelo, to-wit Jackson street, near the home of George Hamlin, at a greater rate of speed than twenty miles per hour, and at a rate of speed greater than that at which a reasonable and prudent man would have operated an automobile under the surrounding circumstances existing at the time and place of the collision, then the defendant was guilty of culpable negligence; and if you further believe from the evidence in this case beyond a reasonable doubt that the death of Richard Orr was the proximate result of such culpable negligence, then you should find the defendant guilty as charged."

For the appellant the court granted the following instructions:

"The court instructs the jury for the defendant that before you are authorized to convict the defendant as charged you must be convinced beyond all reasonable doubt and to a moral certainty that the defendant was not only guilty of negligence in the operation of his truck at the time and place charged in the indictment but that he was guilty of culpable or criminal negligence and that such negligence was the cause of the accident in which Richard Orr was killed. If you have in your minds a reasonable doubt as to these facts arising out of the evidence or the want of evidence, then it is your sworn duty to acquit the defendant."

"The court instructs the jury for the defendant that the question in this case is in regard to whether or not at the time and place in question the defendant was guilty of culpable negligence, and that the death of the decedent was proximately caused by such negligence; that culpable negligence means gross or criminal negligence such as evinces a wanton or reckless disregard of the lives or safety of others; and that, in this case, if the state fails to prove, either by evidence, or by the lack of evi-

dence, that the defendant, at the time and place in question was guilty of such gross or criminal negligence as evinces a wanton or reckless disregard of the lives or safety of others, beyond all reasonable doubt, it is your duty to find the defendant not guilty."

1. The instruction given for the state was, in substantial effect, the motor vehicle statute, section 5569, Code 1930, and the jury, in effect, was told that any person who violated that statute would be guilty of manslaughter; in other words, on the state of facts set forth in the instruction, the court advised the jury that a conviction of manslaughter could be had upon simple negligence. It may be observed that the instruction did not include driving, without lights, downhill and on the driver's left-hand side of the road. The rule in this state as to the degree of negligence necessary to constitute manslaughter is accurately stated in the case of Gregory v. State, 152 Miss. 133, 118 So. 906, 909, wherein the court said: "Criminality cannot be predicated upon mere negligence or carelessness, but it has been said that it may be predicated upon 'that degree of negligence or carelessness which is denominated as gross and which constitutes such a departure from what would be the conduct of an ordinarily careful and prudent man under the same circumstances as to furnish evidence of indifference to consequences.'" This rule was approved by this court, in banc, in the case of Shows v. State, 168 So. 862.

The case at bar is controlled by the case of Shows v. State. The jury had no guide from the court in considering the instructions set forth in behalf of the appellant save to find that mere negligence would warrant a conviction of manslaughter.

The instruction for the state was concrete and set forth facts which would warrant a conviction constituting mere negligence. The instructions for the appellant, which it is insisted cured the error in the state's instruction, were in the abstract and merely defined

culpable negligence under the rule announced in the Gregory and Shows cases, supra. The instruction given for that state did not correctly announce the rule of law upon which the case at bar should have been tried. Nor can it be said that abstract instructions given for the appellant in anyway cured the error, which, in our opinion, is fatal to the conviction and requires a reversal of the case at our hands.

2. The court was not warranted in granting the appellant a peremptory instruction, as the case presents a square issue of fact as to whether or not the appellant was guilty of gross negligence as set forth in the Gregory case, supra, in the operation of the motortruck driven by him on the occasion of this collision, which resulted in the death of the driver of the automobile.

Reversed and remanded.