HENRY, et al. *v.* TONEY, et al.

Division A.   Mar. 5, 1951.

No. 37852 (50 So. (2d) 921)

**Roy J. Goss,** for appellants.

Henry Mounger, Davis & Hammond, Joe A. Thompson, and **Heidelberg & Roberts**, for appellees.

**Lee, J.**

William Toney, McKenley Toney, and Bertha Toney Henry were the owners of the land here involved. John Henry was the husband, and became the sole heir of Bertha Toney Henry deceased. This suit was instituted by William Toney and the heirs at law of McKenley Toney, deceased, to cancel any claim of John Henry, and those claiming through him to said land on the ground that John Henry had unlawfully, willfully, and feloniously slain Bertha Toney Henry, and for that reason had forfeited his right to inherit her property. By their answer, John Henry and others denied such killing, and denied that his right to inherit his wife's estate was forfeited. The decree of the lower court adjudicated that John Henry had plead guilty to manslaughter in the death of his wife, and on that account was not entitled to inherit her property; and cancelled his claims and those arising through him. From that decision, the defendants in the lower court have appealed here.

The sole issue was whether or not John Henry wilfully caused the death of Bertha Toney Henry.

Section 479, Code of 1942, is as follows: "If any person wilfully cause or procure the death of another in any way, he shall not inherit the property, real or personal, of such other; but the same shall descend as if the person so causing or procuring the death had never been in being."

In their effort to prove that the killing of Bertha Toney Henry by John Henry was willful, the appellees offered in evidence authenticated copies of his indictment for second degree murder, and his plea of guilty to manslaughter and judgment thereon. The indictment in question was returned by the grand jury in the court of Common Pleas of Portage County, Ohio, at its September 1936 term. It charged that on August 6, 1936, John Henry "unlawfully, purposely and maliciously killed one Bertha Henry." The judgment was entered in that court

at a term thereof on November 10, 1936. It recited that, upon his arraignment for a plea thereto, John Henry said he was not guilty of second degree murder as charged in the indictment, but that he was guilty of the charge of manslaughter; and he was thereupon sentenced to serve a term of from one to twenty years in the state penitentiary.

Objection to the introduction of this evidence on the ground that being a foreign judgment, it can have no extra-territorial effect to put into operation a penal statute of this State, was overruled by the court. The appellees offered no additional evidence.

The lower court held that such proof was conclusive of a willful killing under Section 479, supra.

Such conclusion was error. This Court has held that, in a civil suit to recover damages for an assault and battery, the record of the defendant's plea of guilty to such unlawful, willful, and malicious assault and battery was admissible, but was not conclusive evidence of the plaintiff's right to recover. Wagner v. Gibbs, 80 Miss. 53, 31 So. 434. In that instance, the record made out a prima facie case, inasmuch as it was not controverted. Besides, the whole matter was determinable by the laws of this State. See Albrecht v. State, 62 Miss. 516, and Adams v. Sigman, 89 Miss. 844, 43 So. 877.

While there was a charge of second degree murder, Henry plead guilty only to manslaughter. Now, under our statute, it is not requisite that the willful killing shall amount to murder. As was said by this Court in Gholson v. Smith, Miss., 48 So. (2d) 603, 605, "It is enough that it was willful and without justification in law."

A consideration of the crime of manslaughter as treated by the law of Ohio becomes necessary.

Section 12404, Vol. 10, Page's Ohio General Code Annotated, provides: "Manslaughter in the first degree; penalty. Whoever unlawfully kills another, except in the manner described in the next five preceding sections,

is guilty of manslaughter in the first degree, and shall be imprisoned in the penitentiary not less than one year nor more than twenty years.''

The excepted sections treat of murder (1) with deliberate and premeditated malice, or by means of poison, or in the perpetration of certain serious felonies; (2) where death is occasioned by obstructing or injuring a railroad; (3) where a convict or prisoner kills a guard or officer; (4) the killing of a police officer while in the discharge of duty; and (5) murder in the second degree, as where one purposely and maliciously kills another, and such killing is not embraced or included in the preceding numbered paragraphs.

Some of the decisions of the courts of Ohio, in regard to manslaughter, say:

''If the killing was unlawful only, with or without purpose or intent to kill, not malicious and without deliberate and premeditated malice, the degree of crime is manslaughter.'' Zeltner v. State, 13 Ohio Cir. Ct. R., N. S., 417, 22 Ohio Cir. Dec. 102.

''Manslaughter is where a person unlawfully kills another without thought or intent to kill, and without malice.'' State v. Kingcade, 20 Ohio N. P., N. S., 97, 28 Ohio Dec. 30.

''An intent to kill is not an essential element of manslaughter either at common law or in Ohio.'' Montgomery v. State, 11 Ohio 424; Sutcliffe v. State, 18 Ohio 469; Cline v. State, 43 Ohio St. 332, 1 N. E. 22.

Consequently, it follows that, under Ohio law, manslaughter is not necessarily a willful killing.

Such is true in our State. And it was even more so in 1936 at the time of this homicide. Consider the killing of a human being by the culpable negligence of another, which is denominated manslaughter under our law. Section 2232, Code of 1942. In 1927, in Sims v. State, 149 Miss. 171, 115 So. 217, 219, this Court adopted from 1 Words and Phrases, Second Series, p. 1174, as a general guide for the definition of culpable negligence, the fol-

lowing: "The omission to do something which a reasonable, prudent, and honest man would do, or the doing of something which such a man would not do, under the circumstances surrounding the particular case." This guide was followed in Gregory v. State, 152 Miss. 133, 118 So. 906. 10 Words and Phrases, Perm. Ed. p. 641. It was likewise applied in Robertson v. State, 153 Miss. 770, 121 So. 492, where deceased met his death from a loaded pistol, aimed and fired by an act of culpable negligence. This Court, there, affirmed the judgment of conviction for manslaughter. Thereafter, in 1936, in Shows v. State, 175 Miss. 604, 168 So. 862, this Court withdrew, as insufficient, such definition of culpable negligence. Since that time the cases of Bailey v. State, 176 Miss. 579, 169 So. 765; Scott v. State, 183 Miss. 788, 185 So. 195; Cutshall v. State, 191 Miss. 764, 4 So. (2d) 289; Smith v. State, 197 Miss. 802, 20 So. (2d) 701, 161 A. L. R. 1; Downs v. State, 206 Miss. 831, 41 So. (2d) 19; Coleman v. State, 208 Miss. 612, 45 So. (2d) 240; and Hancock v. State, Miss., 47 So. (2d) 833, have placed a heavier burden on the State in making out a charge of manslaughter on account of culpable negligence.

The comparison between the statutes and decisions of Ohio and our State shows that, in both instances, a plea of guilty to manslaughter does not necessarily admit a willful killing. For that reason, it is obvious that such plea cannot be conclusive evidence of guilt of such a killing. On the contrary, it can amount to only slight evidence, or evidence merely that the killing has occurred.

This error on the part of the lower court necessitates a reversal of this case.

██ ██ After the appellees rested their case, the appellant, Henry, offered to testify to the circumstances of the killing, and in explanation of his plea of guilty, but objection thereto was sustained. However, a record of his testimony was made and appears in the record. His story, if believed, showed that he was not even guilty of

culpable negligence under our law, much less of a willful killing. His evidence should have been admitted.

On a new trial of this case, all evidence which will throw any light on the issue of whether or not this killing was willful is competent and admissible, without regard to the action of the Ohio court.

Reversed and remanded for a new trial in accordance with the views herein expressed.

Reversed and remanded.