STATE, EX REL. REVENUE AGENT, *v.* J. L. THIBODEAUX.

1. REVENUE AGENT. *Suit for privilege tax; when allowed. Act of* 1890.

   The duty of collecting privilege taxes rests primarily on tax-collectors; and the state revenue agent, under the act of 1890 (Laws, p. 25), cannot sue for or collect a privilege tax until the tax-collector has refused or knowingly failed to collect.

2. SAME. *Concealed liability.*

   Nor does the fact that a privilege tax escaped collection because liability therefor was concealed from the tax-collector, authorize suit therefor by the revenue agent.

3. SAME. *Costs. State not liable.*

   In no event can the state be made liable for costs in suits by the revenue agent under the act of 1890. Laws, p. 25.

FROM the circuit court of Yazoo county.

HON. J. B. CHRISMAN, Judge.

This action was brought by Wirt Adams, state revenue agent, to recover of appellee, J. L. Thibodeaux, the amount of a privilege tax which it is alleged he was liable to pay for the year ending March 1, 1890. The declaration alleges that Thibodeaux sold and gave away intoxicating liquors at his place of business in violation of § 1109 of the code, and thereby became liable to pay a privilege tax; that he evaded and escaped the payment of the privilege tax by concealing from the tax-collector his liability therefor and secretly carrying on the illicit sale of liquors; that because of the failure and neglect of the tax-collector to collect the privilege tax, a right to sue therefor accrued to plaintiff. A demurrer was sustained to the declaration, and plaintiff declined to amend. Judgment final was rendered for defendant, and costs taxed against the state; and from this judgment the state appeals.

*Barnett & Thompson*, for appellant.

The declaration alleges that the tax-collector failed and neglected to collect the tax. In view of this, the right of the revenue agent is clear. The tax-collector was without any remedy to enforce collection of this privilege-tax, for by § 1109 of the code he was only authorized to "assess and collect" the amount and prosecute the delinquent; and by the act of 1890 the extent of his liability is made his wilful failure to prosecute or "endeavor to collect." The inference seems just that the legislature intended that such "endeavor" was the extent of the sheriff's right. By § 594 of the code he has the right of distress for taxes imposed upon property delinquent; but this court has twice held that section not to apply to delinquent liquor-dealers. *State* v. *Piazza*, 66 Miss., 426; *State* v. *Adler*, 68 Miss., 487.

The right in the sheriff to collect cannot be implied, for distress for taxes at common law existed only in case of unpaid *taxes;* and a license fee is not a tax. 42 Ga., 596; 94 Ill., 364; 62 Pa. St., 491; 22 Minn., 312; 30 La. An., 637; Cooley on Tax., 408, 409; Cooley on Con. Lim., 495.

We conclude, then, that the tax-collector had no remedies to exhaust before this action could be maintained. To hold that the revenue agent can only sue after the tax-collector has exhausted his remedies, will deprive him of the better part of his usefulness; for the license fee could never fail of collection by the tax-collector if sufficient liable property could be found; and if assets could not be found, suit by the revenue agent would be useless. By the act of 1890 the revenue agent may sue in all cases where revenue has, for " any reason," escaped collection, and where collectors have failed to collect, and where, for any reason, there has been a failure to enforce the law. The state has no interest in the causes of the tax-collector's failure. Whether he fails ignorantly or innocently or wilfully after notice, if, in fact, there is a failure to collect, the revenue agent is empowered and required to collect. The only difference between an innocent and wil-

ful failure by the tax-collector is that, in the latter case, the state has two remedies—one against the delinquent for the state and the other against the officer on his bond.

The declaration avers neglect on the part of the sheriff. This implies dereliction of duty. In *State* v. *Adler*, the court held that the act of 1890 made the law for the future what the appellant contended it had been in the past. This suit was brought for liability in part incurred after that act.

*Calhoon & Green,* on the same side.

Since § 1109 fixes the amount of privilege-tax to be paid, no assessment is necessary. No duty rested upon the tax-collector to assess and collect in the absence of *information* that liability existed. Under the act of 1890 his bond became liable for the wilful refusal to collect. A wilful refusal is thus the criterion of liability on the officer's bond, but not of the right of the revenue agent to sue. His power is specifically defined in the act of 1890, and extends to all cases where there has been a failure to collect privileges. His right to make such collections under the act of 1890 is intimated in *State* v. *Adler.* In *State* v. *Taylor*, 68 Miss., 730, it was held that the revenue agent could not sue in conjunction with the sheriff, and that their functions could not be commingled. But there can be no conflict of duty in this case, since the sheriff has already failed, and lost his remedy.

Three remedies are now given for collecting such taxes: (1) The sheriff, by suit to collect; (2) by the revenue agent on default of the sheriff; (3) by the revenue agent against the sheriff and his bond in case of his failure or neglect to collect. As the declaration clearly alleges such failure and neglect on the part of the sheriff, the demurrer should have been overruled.

It was error to tax the state with the costs, since the act of 1890 exempts the state from all liability for costs.

*E. E. Baldwin,* for appellee.

This action is brought, under the act of 1890, to recover

for an alleged violation of the revenue act committed prior to its passage.  That act provides that the privilege-tax shall be collected, but shall not entitle the party to continue to sell or retail liquors.  To exact a privilege-tax and at the same time deny the tax-payer the benefits of the license, is unconstitutional. .It is likewise unconstitutional to impose by statute penalties for acts previously committed.  The act of 1890, if constitutional, does not authorize the collection of privilege-taxes by suit by the revenue agent or by any one else.  The right to collect taxes by civil suit has been expressly denied by this court.  *State* v. *Piazza,* 66 Miss., 426; *State* v. *Johnson,* MS. Op. .

The right, however, is here claimed under the act of 1890 relative to revenue agent.  Chapter 2 of the general revenue act of 1890 was approved after the above act in reference to the revenue agent, and the later statute made it the duty of the sheriff to collect the penalty where the liquors are unlawfully sold.  So by § 1109 of the code and also by this act of 1890, it is the primary duty of the tax-collector to proceed for the privilege tax.  The revenue agent could not proceed until the sheriff had *wilfully* refused or neglected to. proceed against the retailer, and then his right of action would be against the bond of the tax-collector.

*M. Marshall, Murray F. Smith,* and *J. Hirsh,* counsel for others interested in the result of this case,

Filed briefs in aid of appellee, contending that under the former decisions of this court involving the authority of the revenue agent to sue, he is without power to maintain this action; that a reasonable construction of the act of 1890 is that such authority was not intended to be conferred, and that, if it was, said act is unconstitutional as applied to cases like this.

WOODS, J., delivered the opinion of the court.

The act of the legislature of February 22, 1890, entitled "An act to provide for the collection of delinquent revenue

in this state, and for other purposes, has for its leading purpose manifestly the coercion of delinquent tax-collectors, and, secondarily, its purpose is to secure collections of taxes due which the tax-collectors refuse or knowingly fail to collect. To carry out this scheme for the collection of unpaid taxes primarily from delinquent collectors, and secondarily from delinquent tax-payers, provision is made for the creation of a revenue agent. This revenue agent is clothed with certain powers, but the language employed in the act is not so well chosen as to put the real scope and extent of the agent's duties and powers beyond controversy.

That the revenue agent is a collector simply, without any power to make assessments, has already been declared by this court in the case of *State* v. *Adler*, 68 Miss. It is equally clear that he is not armed with power to collect taxes which may become due under the legal methods by which property may be placed on the assessment-rolls. Such taxes are to be collected and paid over by the tax-collector, the officer under our laws specially charged with that duty. It is clear, too, that the revenue agent may not sue for and collect license or privilege taxes until the tax-collector has refused or knowingly failed to collect such taxes.

In support of this view, it must be remembered that, as part of the machinery created by law for the safe, regular, and uniform collection of the public revenues of the state derivable from taxes, the tax-collector has imposed upon him the duty and responsibility of the collection of taxes, and we must not give that construction to the act creating the revenue agent which will deprive the regular collector of the functions and emoluments of his office. The revenue agent is not only not to deprive the tax-collector of any of the duties and emoluments of his office, but, as was held in the case of the *State* v. *Taylor*, 68 Miss., he shall not act in conjunction or co-operation with the collector, but rather adversely to him. He is to proceed against the collector primarliy for any failure on his part to discharge his duty according to law in collecting

and paying over taxes; and he is, secondarily, to proceed against the individual tax-payer who is delinquent for taxes due from him only when the collector refuses or knowingly fails to discharge his duty to collect such taxes from the individual tax-payer. We are not to suppose that the law may receive such construction as will devolve the same important public functions at the same time upon two distinct officers. The regular and orderly collection of the state's revenues is not to be interrupted and imperiled by the struggles between rival officers and by the legal contests which would inevitably arise between the contending officials. The regular collector, with the moderate compensation provided by law for, his official services in collecting the revenues in the usual way, is to collect without interference. When he refuses to do his duty in collecting, or when he knowingly fails to do his duty, then the revenue agent's duty to proceed against the delinquent collector arises; and then, too, his duty arises to proceed against the individual tax-payer whose taxes the delinquent collector has refused or knowingly failed to collect. Any other view would involve the collection of the revenue in endless confusion.

Moreover, it is not to be supposed that the statute was designed to give to the revenue agent one-fourth of such taxes collected by him, when the regular collector is required and may be compelled to perform the same work for the usual small compensation.

Again, it is the right of the sheriff and tax-collector to make collection of taxes, and until he refuses or knowingly fails to do so, this right is not to be taken away from him. The case before us now will admirably serve to illustrate this view.

It is alleged that the appellee was a merchant who secretly sold spirituous liquors at retail at his place of business, and that he concealed such sales of liquor to evade the payment of the tax imposed by § 1109, code of 1880; but that now his liability has been discovered, and hence the revenue

agent sues to recover the tax due under said section, the sheriff and tax-collector having failed and neglected to do so —neglected to do so because of the liability having been concealed, and not because of the tax-collector's knowingly having failed. The knowledge of such liability now being known, it becomes the duty of the tax-collector to proceed to collect the tax due, and the presumption must be indulged that the collector will do his duty. If he shall refuse, or now knowingly fail to do so, the revenue agent should proceed against the collector and the sureties on his official bond, and against the delinquent tax-payer himself. Wherever the revenues of the state can be collected in the ordinary mode provided by law, the interests of the public and the rights of the collector require that it be so done; and only when the ordinary machinery fails is it intended that the extraordinary agent shall interpose.

In the construction of this statute creating the revenue agent, we must not overlook the very important fact that this court, in the case of *French* v. *The State*, 52 Miss., has determined that the sheriff and tax-collector has rights which cannot be taken from him; and this decision is to be regarded as approved and adopted by the constitutional convention of 1890, which 'continued in the new constitution substantially the provision as to sheriffs with reference to which this decision was made. In view of this, we are not to give the statute under consideration such construction as will authorize the collection of taxes, hitherto collectible only by the sheriff and tax-collector, by the revenue agent, except only in cases where the former officer refuses or knowingly fails in the discharge of his duty.

Furthermore, unless the view we are enforcing be the true one, we will be driven to concede that the legislature intended to arm the revenue agent with powers so extraordinary and sweeping as to put it in his power to vex every tax-payer in the state who may be thought not to have had all his property assessed at its full value, by a suit to collect the tax sup-

posed to be due by reason of such undervaluation—a result so astounding and so subversive of the existing order of the assessment and collection of taxes as to cause every thoughtful man to recoil from it.

This suit is, confessedly, brought under § 1109, code of 1880, and is not maintainable.

*The action of the court below in taxing the state with the costs was error, and, for this cause only, the judgment of the court below will be reversed and judgment entered here.*