## J. L. THIBODEAUX *v*. STATE.

1. TAXATION. *Necessity for assessment. Constitutional law.*

   Wherever a tax is according to value, or depends on ascertainment of person or value by some designated official, assessment in the manner prescribed by law is a prerequisite, without which there can be no valid tax.

2. PRIVILEGE TAXES. *Liquor-dealers. Code* 1880, § 1109. *Remedy.*

   The privilege tax, which, by § 1109, code 1880, merchants and others who sell or give away vinous or spirituous liquors are required to pay, is not a debt due the state for which an action can be brought. Assessment by the sheriff and tax-collector alone can impose liability, and the tax so assessed is collectible by him only as in case of other assessed taxes.

3. SAME. *Revenue agent. Action for privilege taxes. Act* 1890.

   Notwithstanding the act of 1890 (Laws, p. 11) makes privilege taxes due by liquor-dealers debts for which an action will lie by the state revenue agent, he cannot sue for the privilege tax which, by the section, 1109, code 1880, one who sold liquors in 1888 and 1889 should have paid, since, under that section, assessment by the tax-collector was essential to liability; and he alone could collect the tax. See *State* v. *Thibodeaux, ante,* 92.

FROM the circuit court of Yazoo county.
HON. J. B. CHRISMAN, Judge.

This is an action by Wirt Adams, the state revenue agent, to recover of J. L. Thibodeaux a privilege tax which it is alleged he is due the state. Thibodeaux was a merchant in 1888 and 1889, and the declaration alleges that he sold and gave away vinous and spirituous liquors at his place of business without having paid the privilege tax, which, under § 1109, code 1880, he was required to pay.

In a former action by the revenue agent against appellant for the same tax, a demurrer to the declaration was sustained because it was not alleged that the tax-collector, on whom, primarily, rests the duty of collecting the tax, had knowingly failed to collect the same. On appeal by the revenue agent,

the judgment of the circuit court on the demurrer was affirmed. *State* v. *Thibodeaux, ante,* p. 92. Thereupon the revenue agent brought this action, supplying, in his declaration, the necessary averment of wilful neglect by the tax-collector to collect the privilege tax. The evidence as to this was conflicting, but, in view of the opinion, it is unnecessary to set out the testimony.

The trial resulted in a verdict and judgment for plaintiff, and defendant appeals.

Section 1109, code 1880, under which it is claimed defendant is liable, is as follows:

"Merchants and others, carrying on any business or trade, who may sell or give away liquors, either vinous or spirituous, at their places of business, in less quantities than one pint, for any purpose whatever, shall be subject to pay the regular retail tax, fixed by the county, or corporate authorities of the place where such business is conducted; and it shall be the duty of the sheriff to assess and collect such tax, whenever he is informed that such sales or gifts have been made; and such persons, on conviction, shall be fined in a sum not exceeding one hundred dollars."

*E. E. Baldwin, Murray F. Smith,* and *J. Hirsh,* for appellant.

It has been held that § 1109, code 1880, imposes no civil liability. *State* v. *Piazza,* 66 Miss., 426.

As the act of 1890 is not retroactive, it is manifest that this suit must fail.

*Barnett & Thompson,* for appellee.

So far as § 1109, code 1880, imposes a penalty, the act of 1890 could not take effect as to offenses committed before its passage. But, so far as the former statute conferred a mere remedy for the collection of a tax, the act of 1890, giving an additional remedy, is constitutional. The latter act is an enlargement of the remedy of the statute for the collection of the privilege taxes due by liquor-dealers when delinquent.

The remedy given by § 1109 was proven ineffectual in *State* v. *Piazza*, 66 Miss., 426, and its consequent enlargement by the latter statute was rendered imperative. The reason of the decision in that case no longer applies.

This court, in its opinion on the former appeal, stated that, if the averment of the wilful neglect by the tax-collector to collect the privilege tax had been made and proved, the action could be maintained. See *State* v. *Thibodeaux, ante,* p. 92. This averment and the proof have been supplied.

CAMPBELL, C. J., delivered the opinion of the court.

There was a failure to maintain by evidence the averment of the declaration that the tax-collector of Warren county had knowledge of the liability of the defendant to pay the retail tax, and, for that, the verdict should be for the defendant; but, if that averment was maintained, the action could not be sustained under the former decisions of this court, because the essential prerequisite—the indispensable thing— a *due assessment of the tax as prescribed by law for the. imposition of the tax,* did not exist. As held in *State* v. *Adler,* 68 Miss., 487, whenever a tax is according to value, or depends on ascertainment of person or value by some designated official, assessment as prescribed is necessary. This is no new doctrine, or one calculated to excite surprise. It is as old as the law of taxation, and is the one proposition on which all courts and writers are agreed. It is upheld by all courts, state and federal, as that without which there cannot be a valid charge for a tax. It was distinctly announced in this state a third of a century ago, and must be adhered to as a cardinal rule in taxation. Whenever a tax is to be fixed by assessment, the due assessment must precede any valid claim of such tax. This does not apply to that large class called privilege taxes, or taxes imposed on various callings or pursuits. There assessment is not essential, from the nature of the case, and, if the law does not require it, a demand for the tax may exist without it. It is competent for the legis-

lature to make privilege taxes debts, and recoverable without assessment, as was done by the code of 1880, and as was done as to dealers in liquors by the act of 1890; but, even as to these taxes, where the act imposing the tax requires assessment, in order to fix liability, there cannot be a substitute for it. Prior to the act of February 24, 1890, there was no provision for suit for the sum alleged to be due by a liquor-dealer, because it should have been paid by him—no subjection to liability to an action for the sum required to procure a license, because of having carried on the business without license, as held in *State* v. *Piazza*, 66 Miss., 426.

Section 1109 of the code of 1880, was designed to meet the case of merchants and other dealers who gave away liquors. It speaks of selling in order to prevent evasion, but its manifest purpose was to deter from giving away liquors by dealers, by subjecting them to the liability of having the tax imposed on retail liquor-dealers assessed upon and required of them by the sheriff and tax-collector of the county. He alone could fix the liability. He could not sue, but could proceed as prescribed for him in other cases where he collects taxes. In no other way could liability be imposed under that law. It was part of the system regulating the liquor traffic, and to be carried out according to its specific provisions, or not at all. The offender against this section, besides incurring liability to a fine for each act violating the law, ran the risk of being assessed by the sheriff and compelled to pay, as a tax, what licensed dealers were required to pay. This was the whole of it. It may be cause for regret that an action was not given for this tax, so that the state or its appointee might collect by suit, but that is not ground for maintaining an action where no right of action exists. We cannot disregard settled legal rules, in which all find their protection, in order to reach those who deserve no sympathy, and in morals should be held liable for all their misdeeds. It would give us pleasure to enforce the law against them, if we had it applicable, but we declare it as we find it. It was distinctly de-

clared·in *State* v. *Thibodeaux*, *ante*, p. 92, upon the same facts as now appear, that this action is not maintainable. Some general observations in the opinion, leading to the conclusion announced, served to mislead counsel, and court, too, it seems, and resulted in a new action. In our opinion it cannot be sustained.

*Reversed and remanded.*