WIRT ADAMS, STATE REVENUE AGENT, v. W. H. JOHNSON & CO. ET AL.

SALE OF LIQUORS.  *Penalty.  Attachment.  Code* 1892, § 1590.

    Section 1590, code 1892, providing that one unlawfully selling or giving away liquor at his place of business shall be liable to the state, county and municipality in the sum of five hundred dollars, recoverable by suit which "may be commenced by attachment without bond," gives a new ground of attachment, distinct from those existing under the general law; and, in a suit to recover such penalty, an attachment may be sustained on the ground alone of the unlawful sale or disposition of liquor.

FROM the circuit court of Claiborne county.

HON. JOHN D. GILLAND, Judge.

On January 1, 1895, appellant, Wirt Adams, state revenue agent, for the use of the state of Mississippi, the county of Claiborne and the town of Port Gibson, sued out an attachment in the court below against W. H. Johnson & Co. He demanded for the state, county and municipality, each, the sum of $500, and, proceeding under § 1590, code 1892, averred as the sole ground for suing out the attachment that the defendants were, and had been since June 1, 1894, at their place of business in Port Gibson, Claiborne county, selling or giving away liquors unlawfully, or were allowing the same to be so sold or given away, contrary to the statute. The writ of attachment was levied upon certain personal property as that of the defendants. Plaintiff filed a declaration, setting out with great particularity the alleged unlawful acts of defendants in selling or giving away liquor, and in allowing this to be done. Defendants filed a motion to quash the attachment, upon the ground that it was unlawfully sued out, and that the plaintiff was not authorized to maintain the suit. This motion was overruled. There was a traverse of the ground of attachment averred in the affidavit, followed by a trial of the issue thus raised, and this resulted in a judgment sustaining the attachment. Thereupon a trial was had on the merits, resulting in a judgment in favor of plaintiff for the use aforesaid for the sums demanded. Defendants made a motion to set aside the verdict and judgment on each issue and to grant a new trial, on the ground, among others, that the attachment, affidavit and writ were void because the former averred no ground for suing out an attachment. This motion was overruled so far as it related to the verdict and judgment on the merits. As to the verdict and judgment on the attachment issue, the motion was sustained, because, as set forth in the bill of exceptions, the affidavit contained no ground of attachment. The attachment was quashed, and so much of the judgment as awarded a *venditioni exponas* of the property attached was set aside. Plaintiff appeals.

The point was also made in the court below that the law

authorizing the revenue agent to sue was unconstitutional, but as this is not alluded to in the opinion no statement in reference to it is necessary.

*E. S. & J. T. Drake,* for appellant,

Filed an elaborate brief, discussing §§ 93, 125, 562, 1590, 3870, 3872, 4195, 4255, code 1892, and the acts of 1890 and 1894 mentioned in the opinion, with a view to showing that a proper construction of § 1590 of the code authorized the suing out of an attachment on the special and distinct ground therein mentioned, namely, the unlawful disposition of liquor. In support of this contention, counsel made the following points:

1. While penal statutes are strictly construed, the reverse is true of remedial statutes and remedial features of penal statutes. 23 Am. & Eng. Enc. L., pp. 379, 416, 452.

2. All parts of the statute must be construed together. A construction leaving without effect any part of the language used should ordinarily be rejected. *Ib.,* 306, 309.

3. If the language is of doubtful import, the statute should receive a construction which will bring it into harmony with the object aimed at. *Ib.,* 319, 322.

4. The presumption is that the legislature intended the enactment to be effective, and, to that end, the courts will supply or reject words or change their collocation when necessary. *Ib.,* 364, 365.

5. The language will be construed according to grammatical rules, unless this be contrary to the manifest intention, or involves inconsistency or absurdity. *Ib.,* 368, 472.

6. Statutes *in pari materia* should be construed together. *Ib.,* 311. These rules, so far as they have come within the purview of the decisions of this court, have been followed. 33 Miss., 103; 47 *Ib.,* 247; 56 *Ib.,* 710.

If the last clause of § 1590 of the code authorizing an attachment does not confer a right not already conferred by the general attachment law, it is of no effect whatever. Besides,

the ordinary grounds of attachment against debtors are not applicable. No one is of the essence of an illegal sale of liquor.

The licensed dealer is required to give bond and pay a heavy tax, and it is inconceivable that the legislature would pass a law imposing severe penalties on such dealers, and, in effect, merely prescribe a method by which the unlicensed dealer should be notified that, if he should await the action to be taken at some future day, he might get into trouble.

Sections 3870, 3872, code 1892, providing for attachment on the ordinary grounds, apply to transient dealers, and are not *in pari materia* with § 1590. Their purpose is entirely different. The purpose of § 1590 is to suppress illegal liquor traffic, and a new remedy is given to effectuate it.

The construction we contend for is made more manifest by a consideration of § 2, chapter 34, of the act of 1894, which is *in pari materia* with § 1590. This act was passed for the purpose of clothing the state revenue agent with the power it was suggested in *McBride* v. *State*, 70 Miss., 716, he should have.

*H. C. Mounger*, on the same side.

By § 1109, code 1880, persons illegally selling or giving away liquor were subject to the regular license tax, but no remedy by suit was given to collect it. Practically the same attachment law existed then as now. By § 2, laws 1890, p. 11, it was provided that one selling liquor without license should be civilly liable for the license tax. By § 2, laws 1890, p. 25, the state revenue agent was authorized to sue for such tax. By § 4191, code 1892, he was authorized to sue generally. By § 4255, the state and counties were relieved from giving bond in all suits. By § 125, the remedy by attachment is applicable to actions on penal statutes. By § 1590, persons disposing of liquor without license became liable to the state, county and municipality, each, in a penalty of $500, to be recovered by civil suit; "and such civil suit may be com-

menced by attachment without bond." It is clear that it was intended to make a new ground of attachment applicable in such case.

Which ground, in chapter 9 of the code, is applicable to a case arising under § 1590, where one unlawfully disposes of liquor "at his place of business?" By § 1590, code 1892, suit may be brought without bond, and by attachment, if either ground in chapter 9 exists, although nothing is said about attachment. But, in § 1590, the remedy by attachment is expressly given. Note the difference. This is in keeping with the well-known hostility of our legislation to intoxicating liquors.

*J. McC. Martin,* for appellees.

The concluding clause of § 1590, code 1892, was only intended to authorize the suing out of an attachment on one of the grounds mentioned in § 129, without bond. That this is the true construction follows from a consideration of §§ 93, 125, 562, 3872, 4194, 4255. The right to commence actions by attachment, where the grounds exist, is given by § 125, independent of § 1590. If § 1590 did not exempt the revenue agent from the necessity of giving bond, he would have to comply with § 130. Section 4255 of the code only exempts the state and county from giving bond. If the right to attach without bond in a case like this, or generally, was given by that section, then § 93 is superfluous. Again, § 562 relieves the state and county, or any state officer suing in his official capacity, from giving an injunction bond. These sections would be useless if § 4255 was intended to relieve the state from giving bond in any and all cases. All this demonstrates that the concluding clause of § 1590 was only intended merely to relieve the state, county and municipality from giving bond, leaving the grounds of attachment as before. The course of legislation also shows that our construction is correct. Section 4194 throws further light on the subject. Why should it exempt

the revenue agent from giving an appeal bond, if § 4255 relieves him from the necessity of giving bond in all cases?

Section 3872 of the code is *in pari materia.* It, too, gives a civil remedy by attachment, and expressly provides that it may be sued out without showing the existence of any of the general grounds of attachment. If this had been intended as applicable to cases arising under § 1590, it would have been so provided in that section. 23 Am. & Eng. Enc. L., 311.

Attachment is a harsh and extraordinary remedy, and can only be exercised in the cases and upon the terms specially provided.

Argued orally by *J. T. Drake,* for appellant.

WHITFIELD, J., delivered the opinion of the court.

We think it clear that a new ground of attachment—the " selling or giving away by any person at his place of business, unlawfully, of liquors," or the " allowing " this to be done—was created by § 1590, code 1892, for the particular purposes of that section. The grounds of attachment in chapter nine of the code are not applicable to the cause of action dealt with by said section. A consideration, historically, of our legislation on this subject puts it beyond doubt. See § 1109, Code 1880; Laws 1890, ch. 2, § 2; *Ib.* ch. 8, § 2; Code 1892, §§ 4191, 4255, 125, 1590, 1591, 93, 562; Laws 1894, ch. 34, § 2. It is to be noted that under § 1591, code 1892, the district attorney may sue the regularly licensed dealer on his bond; and, under § 125, by attachment. But this means attachment on some of the usual grounds in chapter 9, since it is against one who, like other persons, is conducting a lawful business, and has given bond to which resort can be had upon failure to comply with its conditions. Section 1590 provides a further remedy, by summary seizure of the property in an unlawful business, by attachment sued out on the single ground therein specified. The words " without bond " in § 1590 confer no new right upon

the municipality, any more than upon the county and state. It is true § 4255 provides that no bond is to be required of the state or county in any case, and does not include municipalities; but the same clause in § 1590 which provides that such civil suit may be commenced by attachment without bond, refers as well to state and county as to municipality. Section 3872 is not *in pari materia* with § 1590. The subject-matter is wholly distinct. Sections 3870–3872 relate to "transient auctioneers or vendors," who, from the very nature of their business, are not located as are liquor dealers, or (§ 1590) "persons" having "places of business," but are persons who are constantly moving from place to place, and may at any time remove themselves or their property out of the state, have no "place of business," and are not nearly so conveniently dealt with or accessible for the purposes of the taxation provided for in §§ 3870–3872. There is no just analogy between the class of cases provided for in § 1590 and those provided for by §§ 3870–3872. If it be true that § 1590 merely provides that the state, county, or municipality might attach "without bond," but must look to chapter 9, code 1892, for the grounds for the attachment, it conferred an empty right, for no one of the eleven ordinary grounds of attachment is, as well put by counsel for appellant, "of the essence of an illegal sale of liquor;" and such construction, as forcibly said by counsel, would result in this: "That in almost no case could an attachment suit be brought; and in other cases, where a personal suit was begun, the beginning of the action and service of the writ would act simply as a warning to the defendant, enabling him to place his property beyond the reach of execution, and to defy any judgment subsequently rendered."

The purpose of the legislature to suppress illicit traffic in liquors has been most emphatically declared. Section 1590 is a signal instance of this purpose. The state revenue agent is clothed now with the fullest authority in the premises (Laws 1894, p. 29); and the laws relating to his duties—duties of the

highest importance to the public revenues—must receive a practically sensible construction, in aid of the collection of such public revenues.

The judgment quashing the affidavit and writ of attachment, and vacating the judgment on the attachment issue, and withdrawing the *venditioni exponas*, is reversed, and said affidavit, writ and judgment on attachment issue are reinstated, and a *venditioni exponas* ordered to be issued.

*Reversed.*