BRYAN CLARK *v.* WIRT ADAMS, STATE REVENUE AGENT.

80   219
81   151

80   219
h89  849

1. EVIDENCE.   *Sale of liquors.   Internal revenue license.   Secondary evidence.   Notice.   Laws* 1900, *p.* 141.

In a suit to collect the penalty prescribed by the last clause of § 1590, code 1892, for the unlawful sale or giving away of intoxicating liquors, parol evidence, to show that the defendant had a United States internal revenue license, possession of which is by statute made presumptive evidence that the holder is engaged in the unlawful sale, or keeping for sale, of intoxicating liquors (Laws 1900, p. 141), is inadmissible without previous notice to produce the same.

2. SALE OF LIQUORS.   *Penalty.   Assessment.   Revenue agent.   Right to sue.   Code* 1892, § 1590.   *Laws* 1894, *p.* 29.

Under the last clause of § 1590, code 1892, providing that, in addition to other proceedings, the state, and the county and municipality where the offense occurs, may each, by attachment, sue for and recover the sum of five hundred dollars from any person who may sell or give away liquors unlawfully, or allow the same to be sold or given away at his place of business for any purpose whatever, a previous assessment is not necessary to the maintenance of an attachment suit by the state revenue agent for the use of the state and county for the enforcement of the penalty, the effect of the clause being to impose a penalty which was incurred on the commission of the offense.   *Adams* v. *Fragiacomo,* 70 Miss., 799, cited. *State* v. *Thibodeaux,* 69 *Ib.,* 92, and *McBride* v. *State Revenue Agent,* 70 *Ib.,* 716, distinguished.

3. SAME.   *Place of business.   Dwelling of farmer.*

A room in the dwelling of a farmer, where he keeps intoxicating liquors in quantity, together with flasks and bottles, and from which he has sold flasks of the liquor as if in the usual course of

business, will be treated as his place of business for carrying on the sale of liquor.

4. SAME. *Penalty. Attachment. Debt.*

Where an attachment for the collection of a penalty is given by the statute fixing the amount thereof, proof of the offense constituting the ground of attachment entitles the plaintiff to a recovery, the proceeding involving no further inquiry as to indebtedness.

FROM the circuit court of Madison county.

HON. ROBERT POWELL, Judge.

This suit, for the use of the state and Madison county, was instituted by the state revenue agent, by attachment, under § 1590 of the code of 1892, against the appellant, to recover of him the statutory penalty for unlawfully selling liquor. Section 1590 is as follows: "Any person who shall sell or give away liquors unlawfully, or allow the same to be sold or given away at his place of business, for any purpose whatever, shall be subject to pay the state, county, and city, town, or village where the offense is committed, each, the sum of five hundred dollars; and it shall be the duty of the sheriff and state revenue agent, or either, to assess and collect such sums whenever he is informed that such sales or gifts have been made; and such person shall be liable to a criminal prosecution, as in other cases, and, in addition, the state, county, city, town, or village may sue for and recover civilly, either jointly or separately, each, the said sum of five hundred dollars; and such civil suit may be commenced by attachment without bond."

At the trial of the case in the court below a motion was made by appellant to quash and abate the affidavit and writ of attachment, defendant setting up in said motion the following grounds: That there was no legal assessment of the defendant for taxes, and no demand upon him to pay the same under said assessment, and until such is done no writ of attachment can issue; that no legal assessment having been made by an officer authorized to make same, and no demand having been made upon defendant for payment of said sum sued for, and no

statement that such had been done in the affidavit, said affidavit is premature, unauthorized, and void; that the affidavit does not show that defendant had been given notice that this tax was claimed or assessed, and that this attachment was sued without any assessment having been made by any proper officer, as required by law; that there is no allegation that selling or giving away liquor was the usual business of the defendant; that the affidavit nor writ did not allege that the selling or giving away of liquors unlawfully or the permission of same to be sold or given away was the usual or ordinary business in which defendant was engaged, nor that defendant had a place of business for such purpose. This motion was overruled, and defendant pleaded the general issue, and testimony was taken on the attachment issue. The evidence in the record shows that the appellant was a farmer, who lived in the country, and who had a room in his dwelling house where a considerable amount of whisky was found in barrels, in cases, in bottles and flasks, and some wine was also found; that two men called at appellant's house, and asked for whisky, and that appellant took them to the room where the whisky was found, and sold to each a flask of whisky, which he drew from the barrels; that some time previous to the commencement of this suit the sheriff of Madison county went to appellant's house, under an affidavit for unlawful retailing, and found there whisky and wine, and that to this affidavit appellant pleaded guilty. There was evidence introduced by the revenue agent at the trial, without notice to produce, and over the objection of appellant, to show that appellant had in his house a United States internal revenue license. A peremptory instruction was given in favor of plaintiff, and judgment entered accordingly, and from this judgment defendant appeals.

W. H. Powell, for appellant.

The base and foundation of this suit is § 1590, code 1892. By it, and by it alone, is given a new ground for attachment.

*State* v. *Johnson,* 72 Miss., 896. By said section a prerequisite to recovery is an assessment; "and it shall be the duty of the sheriff and state revenue agent, or either, to assess and collect such sums," etc. Neither the county, state, city, or revenue agent can sue by attachment, or otherwise, in such cases, until a proper assessment has been made under said section.

By the acts of 1894, p. 29, the revenue agent is authorized to sue. But in what manner? "He shall have a right of action and may sue at law or in equity in all cases where the state or county, municipality or levee board, has the right of action or may sue.

By § 1590, code 1892, no one can recover until an assessment of the liquor tax has been made, and by that section alone can an attachment be issued in such cases. The laws of 1894 do not provide a new remedy of attachment, so when the revenue agent attaches, his action must be referable to said § 1590, and to sustain his attachment he must have complied with the terms of said section.

It might be argued that there is no real use of assessing, but this court will not accept the utility argument, and will reply, *"Lex ita scripta est."* This court has so declared in numerous cases. Therefore, the affidavit in attachment and the declaration should have averred that an assessment had been made by the proper officer, and failing in that, the motion to quash the affidavit and abate the writ, and the demurrer to the declaration by the defendant Clark, appellant here, should have been sustained. *State* v. *Taylor,* 68 Miss., 730; *Adams* v. *Arnold,* 76 Miss., 661. Section 1109, code 1880, also provided for an assessment before suit should be brought. After speaking of local assessment and imposition of taxes in the levee districts for levee purposes, the court in one case said: "Aside from these we know of no instances in which a tax upon persons or property is due the state, counties, or municipalities, unless the property or person is first entered upon the rolls as provided and required by law." *State* v. *Adler,* 68 Miss., 494.

It may be said that the subject of suit at bar is not a tax. We reply whether it be a tax, penalty, fine, or what not, the very law which imposes it commands that it shall be assessed before any suit by anybody can be brought. No assessment was made in this case, and the revenue agent must fail in his suit at bar. *Thibodeaux* v. *State,* 69 Miss., 683, is decisive of this case in favor of the appellant.

The state revenue agent can, in no case, make an assessment. He must give notice to the assessor or tax collector, as the case may be, to make the assessment. *State* v. *Thibodeaux* 69 Miss., 96; *State* v. *Tonella,* 70 Miss., 711; *State* v. *Adler,* 68 Miss., 487, etc. By laws 1894, p. 29, the revenue agent must give notice in writing to the collector to assess, and the collector must notify the party of the assessment made against him. *State* v. *Brennan,* 72 Miss., 894. While in this case it might not have been necessary to thus proceed, the law is cited to show the conditions generally upon which the revenue agent can proceed to collect. The affidavit and declaration should have averred the assessment and notice. *State* v. *Taylor,* 68 Miss., 730; *Adams* v. *Arnold,* 76 Miss., 661.

Again, § 1590, code 1892, contemplates that a man shall have a place of business, and to violate the law the liquor must have been sold or given away at his place of business.

*H. B. Greaves,* on the same side.

This case is manifestly brought under § 1590 of the code of 1892, for a single gift or sale of liquor, which does not lay a party liable.

In order to make a party liable to pay the sums sued for in this case, he must have a place of business, or he must be in the habit of selling or giving away liquor at his place of business, or must allow the same to be sold or given away at his place of business. Tracing the history of this statute, we find in the code of 1880, § 1109, as follows: "Merchants and others, carrying on any business or trade, who may sell or give

away any liquor . . . at their place of business in less quantities, etc., . . . for any purpose whatever, shall be subject to pay the regular tax, etc."

Now again we find written in the section: "Whenever he is defining when a person is liable under this section to pay such tax in the case of *State* v. *Alder,* 68 Miss., 487, 496. I especially invite the attention of this court to that part of the opinion found on pages 497, 498, and 499. The court says: "Punishment by fine and imprisonment is denounced against any one who shall sell such liquors without license, but there is no declaration in the code that a person conducting the business of a retailer without license shall be liable to pay the price fixed by the authorities for license." The court also refers to the fact at the bottom of page 499, that the act of 1890 made such a debt collectible in the future. Laws 1890, p. 11. This act has been repealed by the code of 1892 and subsequent acts. Section 1590 of the code of 1892 omits "merchants and others carrying on any business or trade," and has in lieu thereof the words "any person," but retains the phrase "at his place of business."

It is clear that the act of 1890 made any person who sold liquors without first taking out license as directed by law, liable to pay the privilege tax, without any reference to "place of business." This law of 1890 was manifestly aimed at persons conducting "the business of a retailer without license," which is the language of the court used in the *Adler case,* 68 Miss., 498. Now it is perfectly plain that the legislature intended by § 1590 to provide against those cases where merchants and other persons having a place where they transacted some sort of mercantile or trading or manufacturing business other than the liquor business, apparently sold or gave away, or allowed liquors to be sold or given away, to induce trade, or used that other business as a blind or shield to the world that they might sell goods and give away liquor with a sale; this statute pro-

vided that those people should be required to pay this tax, and either the sheriff or the revenue agent might assess and collect same, and after this tax was assessed the state and county and town might sue for and collect by attachment each $500.

Now again we find written in the section: "Whenever he is informed that such sales or gifts have been made." What do we understand by the words, "sales or gifts have been made?" Here we not only find the plural sales and gifts, but also the verb, "have been." This conveys to the mind irresistably the idea of a plural, that the legislature must be presumed to have known the difference between single and plural, and have intended to use the plural, and to have meant sales or gifts; not a sale or gift, but a course of sales, a business continuing. I submit under the decisions of this court a party may be guilty of unlawful retailing when he makes a single sale, without license, and for which he is liable for a fine or imprisonment as provided for by § 1591 of the same code, but that in order to render him liable to pay the sum sued for in this action, after a proper assessment and demand, under attachment or otherwise, the defendant must have a place of business, and make a habit of selling or giving away liquors at this place of business. This section can be read with profit in connection with § 3872, code 1892, here is same nature of penalty, and same kind of action, and uses the singular "for every sale," why did not the same lawyers who drew or codified this law use the same kind of language without regard to sales of liquor? Is one kind of violation of statute law worse than another, where neither would be a crime unless made so by statute. In *State* v. *Johnson,* 72 Miss., 896, this court recognizes the law as I have interpreted it.

Has the state, county, or municipality a right to sue at all until the sheriff or revenue agent has assessed the delinquent? Is not their right to sue dependant upon the assessment to be made by the proper authority?

*Sterling & Harris,* for the appellee.

1. The sums which the State or any county or municipality thereof are allowed to collect under the last clause of § 1590, code 1892, are penalties, and it is never necessary to assess a penalty. *McBride* v. *State,* 70 Miss., 716.

2. The quantity and variety of intoxicants kept by the appellant in a room of his dwelling, and the appliances in use, together with the manner in which he was shown to have sold liquor, made it abundantly clear that the room in question was his place of business for carrying on an unlawful traffic in liquor. *Hickey* v. *Thompson,* 52 Ark., 237; *Martin* v. *State,* 59 Ala., 36; *Sterne* v. *State,* 20 *Ib.,* 46; 5 Am. & Eng. Enc. Law (2d ed.), p. 72; 17 *Ib.,* pp. 379, 380; *Williams* v. *State,* 23 Tex. Crim. App., 500; *Stanford* v. *State,* 16 *Ib.,* 332.

3. The revenue agent was fully authorized to sue, and to sue by attachment. Laws 1894, p. 29; code 1892, § 1590 *State* v. *Johnson,* 72 Miss., 896.

4. The evidence showed beyond all question that the appellant was liable, and the error of admitting testimony in respect to the internal revenue license, if error it was, was an immaterial one, for which this court will not reverse. *Goodbar* v. *Dunn,* 61 Miss., 618; *Barnett* v. *Dalton,* 69 *Ib.,* 611.

Argued orally by *Garrard Harris* and *J. B. Sterling,* for appellee.

CALHOON, J., delivered the opinion of the court.

There was error in admitting evidence of the United States. internal revenue license without notice to produce, it being shown to have been surrendered to Clark. The general rule forbidding parol evidence of the contents of a written instrument is not varied by ch. 104, acts 1900, and any testimony of the fact of the possession of such a document necessarily involves the contents of the paper and the time it covered in.

reference to the date of its issuance and expiration. In this record the court allowed testimony of these facts. But the case was rightly decided notwithstanding any errors on this line, because the uncontradicted evidence was overwhelming that Mr. Clark's doings brought him within the purview of code 1892, § 1590. Notwithstanding he was a farmer, he had a room in his dwelling house where were found whisky in barrels and in cases, and wine, and flasks and bottles; and two men called for whisky, and he took them, as if in usual course, to that room, sold to each a flask of whisky, which he drew through a funnel from out of the barrels. One must be blind, indeed, not to necessarily infer a systematic violation of law. A man may have more than one "place of business." Many have a number of such places. And, if he have such a place for selling liquors, it is his place for that business; and § 1590 does not mean that the place must be a place where he carries on also other business than that of unlawful retailing.

No precedent assessment was necessary to the attachment. The idea that it was necessary arises from a misconception of the statute and the decisions interpreting it. We must not confuse § 1109, code 1880, and the decisions on that, with § 1590, code 1892, and the decisions on that. The former makes the offender "subject to pay the regular retail tax," and requires the sheriff to assess this tax. Under this it was with perfect propriety held that the state revenue agent could not sue unless the tax collector refused or knowingly failed to do so. *State* v. *Thibodeaux,* 69 Miss., 92 (10 So., 58). And with equal propriety it was held in *Thibodeaux* v. *State,* 69 Miss., 683 (13 So., 352), that the revenue agent could not sue before assessment by the sheriff, because, under that statute, it was not a debt until assessment made it such. But § 1590 of the code, 1892, is materially different. By that section it is provided that the offender should be subject to pay the state, county or municipality each $500, which the sheriff or revenue agent should "assess and collect."

This is the first clause of the section. It then proceeds, how-
ever, to provide that "in addition" the state, county, or munici-
pality might "sue for and recover," jointly or separately, each,
$500, and might commence the suit by attachment. Now,
under the first clause it was held in *McBride* v. *State Revenue
Agent,* 70 Miss., 716 (12 So., 699), that so much of it as au-
thorized the sheriff to collect "by distress" was unconstitutional,
being prohibited by our constitution (section 14) against de-
priving one of his property without due process of law. But
under the last clause of § 1590, "in addition" it is provided as
a penalty that the state, county, or municipality may, by at-
tachment, sue for and recover, each, $500. The propriety of
such procedure is distinctly recognized in *Adams* v. *Fragia-
como,* 70 Miss., 799 (14 So., 21), decided before the act of
1894. If any doubt could remain, it is removed by sec. 2, ch.
34, acts 1894, giving expressly to the revenue agent power to
sue for all "penalties or forfeitures." It follows that he prop-
erly sued in the case before us, and without previous assess-
ment. An assessment of a penalty is absurd, because, as
soon as the forbidden act was done, the penalty was incurred,
and to assess would serve no purpose but to warn the offender
to get his property beyond reach. *State* v. *Johnson,* 72 Miss.,
902 (17 So., 682). By the suit, defendant whose property
is attached gets his "due process of law." This last-cited case
also decides that § 1590 creates a new ground of attachment
distinct from the general chapter on attachments. Under the
latter the grounds of attachment may be all true, and yet there
may be no valid debt. But under § 1590, if the ground be true,
to wit, the offense, the penalty attaches; and so we hold that the
determination of the issue on the affidavit for attachment de-
termined the whole matter, and that there need be no declara-
tion and trial of a question of debt or no debt. This is for a
penalty, not a debt. If defendant succeeds on the issue on the
affidavit, the state loses entirely. If the state succeeds, that

very issue of whether defendant is guilty settles the whole matter, and the penalty attaches. It is thus legally ascertained that he is liable to the penalty, and the same trial over again on a declaration in debt would be folly.

*Affirmed.*