WIRT ADAMS, STATE REVENUE AGENT, *v.* THOMAS F. SIGMAN.

[43 South. Rep., 877.]

1. PLEADINGS. *Irrelevant matter. Motion to strike. Attachment affidavit.*

    If an attachment affidavit contain irrelevant matter, proof of which would be incompetent, a motion to strike it out should be sustained.

2. JUDGMENT. *Conclusiveness. Civil action. Criminal conviction. Code 1892, § 1590. Evidence.*

    The record of defendant's prior conviction for the illegal sale of intoxicants is inadmissible in evidence, for want of mutuality, in a civil suit by the state revenue agent to recover the statutory penalty prescribed for such sales by Code 1892, § 1590.

FROM the circuit court of Marshall county.

HON. JAMES B. BOOTHE, Judge.

Adams, state revenue agent, appellant, was plaintiff in the court below; Sigman, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court.

This was an attachment suit by the state revenue agent, appellant, against Sigman, appellee, to recover for the city of Holly Springs, the county of Marshall and the state of Mississippi, each, the statutory penalty provided by Code 1892, § 1590, which reads as follows:

"*Persons selling or giving away liquors to pay tax.*—Any person who may sell or give away liquors unlawfully, or allow the same to be sold or given away at his place of business, for any purpose whatever, shall be subject to pay the state, county, and the city, town, or village where the offense is committed, each, the sum of five hundred dollars; and it shall be the duty ·of the sheriff and state revenue agent, or either, to assess and collect such sums whenever he is informed that such sales or gifts have been made; and such person shall be liable to a criminal prosecution, as in other cases; and, in addition, the state, county, city, town, or village may sue for and recover civilly, either jointly or separately, each, the said sum of five hundred dollars; and such civil suit may be commenced by attachment without bond."

The opinion states the facts.

*Fant & Fant,* for appellant.

It was error for the court below to sustain appellee's motion to strike from appellant's affidvit the clauses reciting the trial and conviction of appellee in the circuit court. This court has held in the case of *Clark* v. *Adams, Rev. Agent*, 80 Miss., 219 (s.c., 31 South. Rep., · 746), that the penalty prescribed by Code 1892, § 1590, attaches as soon as the guilt of the party is established. The only way to establish appellee's guilt, when the indictment for the offense was presented originally, was by a regular trial pursued to judgment. This had been done, as was apparent from the court record. Appellee had not appealed, but had paid the fine adjudged against him. Appellant was prepared to prove

by reliable witnesses the allegations in regard to the charge and trial and conviction alleged in the affidavit.

The court further erred in ruling out the record of the former conviction of appellee of the offense, when the appellant had shown by competent proof that the offense for which the statutory penalty was demanded by appellant was the offense of which appellee had been convicted. *Clark* v. *Adams, Rev. Agent, supra;* Abbott's Trial Evidence, ch. 62, p. 1047. The question sought to be determined by the record of the former conviction was the guilt of the appellee, and his guilt, when established by a court of competent jurisdiction, was settled until the conviction and sentence should be set aside by motion for new trial or by appeal and reversal. *State* v. *Thompson,* 19 Ia., 299; *Borough of York* v. *Forscht,* 23 Pa. St., 391; *Corwin* v. *Walton,* 18 Mo., 71.

*W. V. Sullivan,* for appellee.

The court below properly sustained appellee's objection to the introduction by appellant of the record of a former conviction of appellee for the unlawful sale of intoxicants. Wells on Res Adjudicata, secs. 407, 420.

In the case at bar the appellant represented three parties, the state, the county, and the municipality. In the criminal case in which appellee was convicted of the unlawful sale of intoxicants, the county and municipality were not parties. It was merely a case of the state against the appellee.

The identical witnesses, upon whose testimony Sigman had been convicted many years before, were introduced by appellant in this case, and the jury passed upon the question and found for Sigman. In the former case, a criminal case, appellee had the benefit of a reasonable doubt; in the present case he did not; yet the jury in the case at bar found for Sigman, as stated, and he has the right to claim that the jury in this case were as competent to pass upon the facts as were the jury in the criminal case.

"A judgment rendered in a criminal case is not admissible as evidence in a civil cause, even where the same questions of fact are at issue." Wells on Res Adjudicata, sec. 420.

CALHOON, J., delivered the opinion of the court.

Appellant filed the following affidavit for attachment: "Wirt Adams, State Revenue Agent, v. Thos. Sigman. In the Circuit Court of Marshall County, August Term, 1906. Personally appeared before me, Douglas Baird, clerk of the circuit court in and for said state and county, Lester G. Fant, agent and attorney for Wirt Adams, state revenue agent for the state of Mississippi, and makes oath on information and belief that Thos. F. Sigman, of the county of Marshall, did, on the 5th day of February, 1899, in the city of Holly Springs, Marshall county, Miss., unlawfully sell intoxicating liquors, and permitted intoxicating liquors to be sold or given away at his place of business in said city, without having first obtained a license to sell the same, according to the provisions of chapter 37 of the code of 1892, *and at the August term of the circuit court of Marshall county, Mississippi,* 1899, *was adjudged guilty by the said court of said offense above described (see Minute Book 7, pages 265 and 285, of the records of the circuit clerk of Marshall county, Mississippi), and that, by virtue of his being guilty of the above offense,* he, the said Thos. F. Sigman, is due the city of Holly Springs, Marshall county, and the state of Mississippi, each, the sum of five hundred dollars ($500), making in all ($1,500.00) fifteen hundred dollars, for which the said Wirt Adams, state revenue agent, by his attorney, begins this suit, in pursuance to the provisions of section 1590 of the code of 1892 and chapter 34 of the Acts of 1894 of the Mississippi legislature, and prays that an attachment issue against said T. F. Sigman."

The defendant moved to strike from the affidavit all the words which will be found italicized above, as immaterial,

prejudicial to defendant's rights, and not essential to the cause of action. This motion was sustained, and this is assigned for error. Defendant then by pleas denied the essential charges of the affidavit. At the trial the appellant offered the record of proceedings and conviction on plea of not guilty, which occurred some seven years previously, based upon an indictment charging simply that appellee did unlawfully sell the liquors in less quantity than one gallon without a license. The appellee objected to the introduction of this record, the court sustained his objection, and the appellant excepted to this ruling. Thereupon there was a regular trial, in which appellant sought to prove the charges of his affidavit. The appellee offered counter proof, and the jury found for the appellee, and the revenue agent appeals to this court.

It was right under the law to strike out the words in the affidavit which were stricken out, and to refuse as evidence the record of the criminal trial. If this be not true, then the correlative must be true, that, if there had been an acquittal on the criminal trial, the defendant could have set that up in bar of the civil action, which would not be considered by any court. There must be mutuality. The question was whether defendant had violated section 1590 of the annotated code of 1892 (Code 1906, § 1744), and not whether he had been convicted or acquitted of the violation on a criminal charge. If the statute had made it prerequisite to the civil action that there should be a previous criminal conviction, then the record of it would have been competent, but even in that case only to show the necessary prerequisite fact of conviction. The only exception—and it is not an exception to the rule of non-mutuality of civil and criminal trials, is where there is a plea of guilty, and even in such case it is not conclusive on defendant, and is received only on the basis of any other admission in or out of the court. *Albrecht* v. *State,* 62 Miss., 517-524; *Wagner* v. *Gibbs,* 80 Miss., 53-61 (s.c., 31 South. Rep., 434);

92 Am. St. Rep., 598; Wells on Res Adjudicata, section 420; Black on Judgments, section 529.

There is nothing in *Clark* v. *Adams,* 80 Miss., 219 (s.c., 31 South. Rep., 746), in the slightest conflict with the principles announced in this opinion. In that case, as in *Adams* v. *Johnson,* 72 Miss., 896 (s.c., 17 South. Rep., 682), which it follows, there had been no criminal trial of a plea of not guilty preceding the civil action, and the whole scope of the two divisions is that Annotated Code 1892, § 1590, furnished a new ground of attachment, and that there need not be an assessment before the suit for the penalty, and that the penalty attached on the violation of the section, and that proof of the offense entitled the revenue agent to recover. Neither case intimates that, whether there had or had not been a previous conviction or acquittal on criminal trial, proof of the violation could be made, except by the settled rules of law. It might as well be said that precedent conviction or acquittal on a charge of assault and battery is competent evidence in a civil action for damages for the assault and battery. The verdict in the case at bar must stand.

*Affirmed.*