## A RECORD OF CONVICTION NOT ADMISSIBLE IN A CIVIL ACTION.

Common Pleas Court of Hamilton County.

ABRAHAMS V. BEAMAN, AUD.

Decided April 23, 1926.

*Evidence—Record of Conviction in a Mayor's Court—Not Competent in Establishing Liability for a Tax on Traffic in Intoxicating Liquors.*

An adjudication in a criminal prosecution, with the possible exception of a case where a plea of guilty was entered, is inadmissible in a subsequent civil action, involving the same wrong, notwithstanding the parties are the same.

*Frank E. Wood* and *Edgar M. Powers,* for plaintiff.
*Sylvester Hickey,* for defendant.

DARBY, J.

By this action the plaintiff seeks to enjoin the defendants from levying an assessment in the form of a tax upon "the business of trafficking in spiritous, vinous, malt or other intoxicating liquors" as provided by G. C., Section 6071. The answer of the defendants admits the placing of the assessment against the plaintiff, and denies all other allegations of the petition.

The case came on for trial, and plaintiff offered evidence tending to show that he was not at the time covered by the assessment, engaged in the business referred to, and rested his case. Thereupon the defendants offered in evidence the record of the mayor of the village of Milford, showing that the plaintiff was, on July 28, 1921, convicted by said mayor of the offense of being the keeper of a place where intoxicating liquors were sold, in violation of Section 13195, of the General Code.

Objection to this evidence was made by the plaintiff, on the ground that it was irrelevant and immaterial. Inasmuch as there was disagreement among the judges of this court as to whether such evidence was relevant, the court determined to reserve decision until the conclusion

of all the evidence.   Thereupon the plaintiff, in rebuttal
offered in evidence transcript of the record of the munic-
ipal court of Cincinnati in an action in which the plaintiff
was prosecuted for unlawfully having possession of intoxi-
cating liquor, and was acquitted on that charge.   Upon
objection by the defendants to such testimony, the court
reserved ruling until final determination.

It is admitted, and the records show, that the assess-
ment which is here sought to be enjoined is based upon
no testimony or transaction other than the alleged unlaw-
ful possession which was the subject of prosecution in the
municipal court, and the keeping of the place where intox-
icating liquors were sold, which was the subject of the
prosecution before the mayor of Milford.   The prosecu-
tion in the municipal court for the unlawful possession,
which resulted in acquittal of the plaintiff, preceded the
action in the mayor's court at Milford for the keeping of
the place, in which the defendant was convicted.   Empha-
sis is laid upon the fact that he was acquitted in one court,
of one charge, and convicted in the other court upon the
other charge, where the evidence as to both related to one
and the same transaction.

It should be noted that the defendants do not in their
answer set up the conviction before the mayor of Milford
as a bar to this action; what defendants do is to offer
evidence of conviction in that case as the only evidence
that the plaintiff was engaged in "the business of traffick-
ing in spiritous  *  *  *  liquors."

In a well considered case by former Judge Matthews
of this court, namely, *Huer* v. *Huwe, Treasurer*, it was
held:

"The annotation above referred to shows that the over-
whelming weight of the authorities sustains the position
of plaintiff's counsel that an adjudication in a criminal
case is inadmissible in a subsequent civil action, even be-
tween the same parties.   Independent investigation dis-
closes that the annotation correctly set forth the state of
the law.   It cannot therefore he held that the issue of

whether or not the plaintiff conducted the business of traf-
ficking in intoxicating liquors is *res judicata.*"

In the last mentioned case the facts were very similar
to those in the case at bar, but it also appears that the
plaintiff had entered a plea of guilty of one of the charges
against him.

In this case there was no plea of guilty, and the question
is plainly put as to whether or not evidence of his convic-
tion before the mayor of Milford was admissible against
him.

The cases referred to by Judge Matthews sustain the
position that an acquittal in a criminal action is not a
bar to a subsequent civil action for the same wrong.

The most satisfactory statement of the law that has
been called to the attention of the court is found in *Adams*
v. *Sigman,* 89 Miss., 844, where the facts were almost
identical with the facts in the case at bar. That was an
action to recover statutory penalty prescribed for unlawful
sales of intoxicants; to support the plaintiff's claim the
record of defendant's prior conviction of the illegal sale
of the intoxicants was offered in evidence, but was rejected
by the trial court, and the supreme court sustained that
holding. In the course of the opinion the court say, see
p. 848:

"The question was whether defendant had violated
Section 159 of the Annotated Code of 1892 (Code 1906,
Section 1744) and not whether he had been convicted or
acquitted of a violation of a criminal charge. If the
statute had made it prerequisite to the civil action that
there would be a previous criminal conviction, then the
record of it should have been competent, but even in that
case only to show the necessary pre-requisite fact of con-
viction. The only exception—and it is not an exception
to the rule of non-mutuality of civil and criminal trials—
is where there is a plea of guilty, and even in such case
it is not conclusive on defendant and is received only on
the basis of any other admission in or out of court."

Other cases referred to by Judge Matthews in his opin-

ion are noted in 21 Am. & Eng. Ann. Cas., 1182, *et seq.*

The court has reached the conclusion that the record of the mayor's court was not relevant in this case. However, if the court is in error in its conclusion as to the relevancy of such record, and if it is to be considered, this situation is presented: The municipal court having competent jurisdiction of the matter found that the plaintiff was not guilty of possession of liquor. The mayor's court having jurisdiction of the charge, found that the defendant was guilty of keeping a place where intoxicating liquors were sold, but the identical liquors and the identical sale involved in the latter case were involved in the former case. It was within the jurisdiction of each court to render the decision it rendered. Whether the conclusion reached in either case was right or wrong seems to be aside from the question for the purpose of this case. If the record of the mayor's court is relevant, then it seems equally true that the record of the municipal court is relevant and the matter then, upon all the evidence, becomes one of the weight of the evidence. The plaintiff in the case offered independent evidence that he was not engaged in trafficking in intoxicating liquors; there was no effort to meet this evidence except by the record of the mayor. Weighing the evidence the court has reached the conclusion that the preponderance of evidence is with the plaintiff.

It follows therefore, that the plaintiff is entitled to a permanent injunction from whichever position the case is approached.